## Second Street, Harrisburg.

1. Generally interest is to be calculated only from the time the demand is
payable.
2. An act directed damages for opening streets to be paid in six months
after the assessment should be approved by the court.  *Held*, that the owner
was not entitled to damages so long as he continued in receipt of the rents
and profits of the land.
3. Pennsylvania Railroad *v*. Cooper, 8 P. F. Smith 408, distinguished.

May 27th 1870.  Before THOMPSON, C. J., AGNEW and SHARS-
WOOD, JJ.

Certiorari to the Court of Quarter Sessions of *Dauphin county :*
No. 100, to May Term 1870.

The 35th section of the Act of March 19th 1860, Pamph. L.
194, incorporating the city of Harrisburg, provides for enacting
an ordinance by councils for opening streets, for appointing
viewers to assess damages, and also provides that the streets shall
not be opened till the damages are paid or secured.   The 36th
section enacts that upon the return and approval by the Court of
Quarter Sessions of the assessment of damages, they shall be paid
within six months, and if not paid in one year they may be col-
lected as other judgments by execution against the county.

On the 8th of December 1866, the councils of the city directed
Second street to be opened from North street to Briggs street.
Viewers were appointed to assess damages for the property-hold-
ers.   On the 22d of April 1867, they assessed to John Orth
$3267, and to Jehu Dehaven $1975.   The report of the viewers
was confirmed nisi May 8th 1867, and absolutely December 6th
1867, exceptions having been filed, it did not appear by whom.
In the property returned as John Orth's he had but a life estate,
the remainder being in his children.   On these properties were
erected frame dwelling-houses, through which the line of the
street ran, the buildings therefore would have to be removed.
Orth and Dehaven continued in the possession of the houses, and
had received the rents and profits since the assessment of damages.
By an Act of March 12th 1867 the city of Harrisburg was
directed to pay the damages for opening streets.   On the 15th
of November 1869 Christian Haehnlen, trustee for Orth and his

children, with the consent of Orth, received the principal of the damages assessed to him, and Dehaven received the principal of the damages assessed to him, with interest from November 1st. On the 30th of November 1869, Haehnlen and Dehaven obtained a rule to show cause why the city of Harrisburg should be ordered to pay interest from April 22d 1867, when the damages were assessed till November 1st 1869.

A case stated was filed embodying these facts. On the 3d of May 1870 the court (Pearson, P. J.) discharged the rule. Haehnlen and Dehaven removed the proceedings to the Supreme Court by certiorari.

*W. De Witt*, for certiorari, cited Philadelphia *v.* Dyer, 5 Wright 463; Penna. Railroad *v.* Cooper, 8 P. F. Smith 408. The parties were not estopped from claiming interest by receiving the amount of the damages: Bank of Penna.'s Estate, 10 P. F. Smith 477.

*H. Shellenberger*, contrà.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—No point has been made as to the jurisdiction of this court to review the opinion of the court below upon the question submitted to them by the case stated; nor is it necessary that we should pass upon it, because we consider the order discharging the rule taken for the payment of interest entirely correct.

The 36th section of the Act of Assembly, March 19th 1860, Pamph. L. 195, entitled "An Act to incorporate the city of Harrisburg in the county of Dauphin," provides that the damages awarded to landholders for the opening of streets shall be paid within six months from and after the same shall have been approved by the Court of Quarter Sessions. According to general principles interest is to be calculated only from the time a demand is payable, unless there are special circumstances. It is to be presumed that the viewers took this delay into consideration. If the owner continued undisturbed in the full receipt of the rents and profits, it would not be right that he should in addition receive full interest on the value of the land. The case of Philadelphia *v.* Dyer, 5 Wright 463, was under a statute which merely declared that if the damages were not paid within one year from the assessment the claimant could sue the city therefor. In The Pennsylvania Railroad Co. *v.* Cooper, 8 P. F. Smith 408, the owner had been delayed by exceptions filed by the company, and all that was decided was, that in such a case the confirmation ought to have been entered *nunc pro tunc*, and that the party was entitled to interest during the pendency of the exceptions. Had

that been the case here, there would be great reason for the same order, and that the six months should be computed accordingly. But it does not appear by which party the exceptions were filed. The paper is said to be lost, and no record was made except of the date of it.

Order affirmed.