## Prentice *v.* Hancock.

*Appeals—Supreme Court—Superior Court—Decree on trustee's account.*
Under the Act of May 5, 1899, P. L. 248, on appeal from a decree or judgment for the payment of money in any court or any form of action, the amount in controversy is determined for purposes of jurisdiction by the amount of the decree or judgment.

Motion to remit appeal to the Superior Court, No. 200, January term, 1902.

The motion was based upon the following petition :

The petition of Kate D. Prentice respectfully represents :

That she is the plaintiff in the above case, which is a proceeding in equity for an accounting by the defendant of moneys collected and received by him for her ; that said case has been so proceeded upon that a final decree was entered in favor of your petitioner and against said appellant in the sum of $572.80, with interest from January 27, 1899, as will more fully appear by the certified copy of said decree hereto attached and made part of this petition ; and that from said final decree the defendant, George W. Hancock, has appealed to your honorable court as of the above term and number, and the record is now lodged in the office of the prothonotary of your court.

By the Act of June 24, 1895, P. L. 212, as amended by the Act of May 5, 1899, P. L. 248, it is provided that the jurisdiction of the Superior Court shall extend to all cases appealed from the order, judgment or decree of the court below where the amount really in controversy exclusive of costs is $1,500 or less, and it is therein further provided in the 4th section of said amendatory act as follows :

" In any such distribution or other proceeding in the common pleas or orphans' court if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim or in the declaration."

When the attention of appellant's counsel was called to this act after he had appealed to your honorable court he applied to the president judge of the court below, without notice to your petitioner or her counsel, and obtained and filed of record a certificate that the amount really in controversy exceeded the sum of $1,500. He claimed then and now that if the exceptions filed by him to the referee's findings are all sustained the decree will be affected in a sum greater than $1,500. The fact is so but it is immaterial in view of the act of 1899 above quoted. Upon learning of the filing of said certificate your petitioners

through her counsel, applied to the court below to vacate the certificate as above set forth, upon hearing of which application appellant's counsel claimed that the section of the act of 1899, above quoted, applied only to damages for tort, though by its express language it applies also to cases of " breach of contract." The court below, however, inasmuch as your petitioner did not dispute the statement of the appellant's counsel as above set forth, viz : that if all his exceptions were sustained the award would be affected in a sum greater than $1,500, declined to vacate said certificate, being of opinion, as your petitioner is advised, that the matter was one for your honorable court to determine.

And further showing to your honorable court that unless this matter is at once determined the case will be hung up in the appellate courts for more than a year before a hearing can be had, in view of the fact that your honorable court does not sit in Philadelphia until the first Monday of January, 1903, when for the first time the case will be called for argument, whereas the sessions of the Superior Court in Philadelphia are held in October and December of 1902, and no further session of said court will be there held until October of 1903, she prays your honorable court to forthwith determine that the said appeal should have been taken to the Superior Court and to direct that it be forthwith remitted to that court to be there determined according to law.

The appellant, George W. Hancock, filed an answer protesting against the granting of the petition.

*Alex. Simpson, Jr.*, for the motion.

*Henry J. Hancock*, contra.

OPINION BY MR. JUSTICE MITCHELL, November 3, 1902 :

This motion involves a question of jurisdiction which it is desirable to have settled, and we therefore have advanced it to the present term.

The essential facts are that appellant filed an account as agent or trustee showing a balance due him exceeding $1,500, but the court disallowed credits and decreed a balance of $500 against him. He claims that the difference, exceeding $2,000,

is the amount really in controversy. The appellee claims that the amount is fixed, for the purposes of jurisdiction, by the amount of the decree.

The Superior Court Act of June 24, 1895, P. L. 212, fixed the standard of jurisdiction at not over $1,000 of value or "amount really in controversy in any single action or claim." It further provided a method of proof which should be conclusive of the amount in controversy, and therefore of the jurisdiction, in actions of tort, ejectment, etc., none of the provisions, however, applying to a case like the present.

In the absence of any statutory provision, this court in practice adopted as a test of the amount really in controversy the difference to the appellant between the judgment or decree appealed from and the judgment or decree sought from this court.

The Act of May 5, 1899, P. L. 248, however, not only increased the amount over which the Superior Court should have jurisdiction but made further provision as to the mode in which it should be ascertained. By section 4, the amount or value really in controversy in ejectment or other issues involving title or possession of real estate or chattels is to be determined by a certificate of the judge. But "in any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy; but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim, or in the declaration." This is followed by a repeal of the provisions of the act of 1895 relating to the same subject.

While the expression "if the plaintiff recovers damages, either for a tort or for a breach of contract" is not technically accurate as applied to a decree upon a trustee's account, yet the latter is clearly within the legislative intent of this clause. The description of cases intended to be covered is as general as words can make it, "any suit, distribution or other proceeding in the common pleas or orphans' court." It is manifest that the legislature intended to provide in the two paragraphs for standards of proof in two classes which should include every possible case, first, issues involving title or possession of

specific property, real or personal, and second, issues involving the payment of money. No phrase has yet been applied, or even suggested, which will determine the amount really in controversy with absolute uniformity in regard to the question of jurisdiction. Thus for illustration, where the amount claimed by two distributees is more than $1,500, and the decree is adverse to them, they cannot unite in an appeal, but each must take his separate appeal to the Superior Court, though had the decision been in their favor, the residuary legatee or other party from whose share the entire sum would come, would have been entitled to an appeal to the Supreme Court: Staib's Estate, 188 Pa. 238. So, again, suppose in an action of tort with damages claimed at $5,000, the plaintiff obtains a verdict and judgment for $500. If defendant appeals, the amount in controversy is clearly $500, but if plaintiff appeals, it is or may be $4,500: Weaver v. Cone, 189 Pa. 298. Thus in both the supposed cases the appellate jurisdiction would depend on the party appealing, and in the second case if both parties should appeal we should have the same judgment going for final adjudication to two different courts.

To remedy these discrepancies and get as nearly as practicable a uniform rule, the act of 1899 fixes the amount of a money judgment in any kind of proceeding as " conclusive proof of the amount really in controversy." It may not always determine the amount with absolute accuracy but it constitutes a uniform standard for the determination of the appellate jurisdiction, and has the advantage of being fixed, definite and, of easy application. Such was the intent of the act.

The appeal is therefore remitted to the Superior Court.