## Spring City Brick Company, Appellant, v. Henry Martin Brick Machine Manufacturing Company.

*Appeals—Jurisdiction—Supreme Court—Superior Court—Amount in controversy—Judgment for payment of money—Actions tried together—Act of May 5, 1899, P. L. 248.*

Where an action is brought to recover back money, on ground of breach of warranty, and the defendant in such action brings a separate suit against the plaintiff in the action, on a promissory note, and by agreement the two actions are tried together, and result in a verdict for the defendant for an amount less than fifteen hundred dollars, an appeal lies to the Superior and not to the Supreme Court, inasmuch as the judgment is a judgment for the payment of money.

Under the Act of May 5, 1899, P. L. 248, the legislature intended to provide standards of proof for purposes of jurisdiction, in two classes of actions which should include every possible case; first, issues involving title or possession of specific property, real or personal, and, second, issues involving payment of money.

Argued March 25, 1908. Appeal, No. 1, Jan. T., 1908, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1907, No. 132, on verdict for defendant in case of Spring City Brick Company v. Henry Martin Brick Machine Company, Incorporated. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Case remanded to the Superior Court.

Assumpsit to recover money back.

Assumpsit on a promissory note.

Verdict and judgment for defendant for $663.60.   Plaintiff appealed.

*Errors assigned* were various instructions.

*Louis M. Childs,* with him *Charles D. McAvoy,* for appellant.

*Samuel H. High* and *John Faber Miller,* for appellee.

PER CURIAM, May 11, 1908:

The only question before us at present is one of jurisdiction. The facts, stated merely for explanation of the present question and without reference to the merits, appear to be that the parties entered into a contract for the supply by the appellee to the appellant of a brick drying machine.   Appellant paid on account from time to time as the work progressed, and finally gave a note for the apparent balance.   Dispute having arisen between the parties, appellant brought suit in assumpsit to recover back the money it had paid, on the ground of breach of warranty in regard to the work the machine was guaranteed to do, while appellee brought suit on the appellant's note.   By agreement the two actions were tried together in the appellant's suit, and resulted in a verdict for the defendant for $663.   The appellant has brought its appeal in this court.

The language of the Act of May 5, 1899, P. L. 248, is that " in any suit, distribution or other proceeding . . . . if the plaintiff recovers damages . . . . the amount of the judgment . . . . shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim or declaration."

The present case is not within the literal words of any provision of the act.   The appellant as plaintiff in its own action has recovered nothing, but its action was not tried singly but as a double or composite action, in which the nominal defendant was really an actor or plaintiff, and recovered a verdict of less than $1,500.   This will settle the entire controversy, appellant's claim as well as defendant's.

The act of 1899 and its conclusive test of the amount actually in controversy were fully considered in Prentice v. Hancock, 204 Pa. 128, and Astwood v. Wanamaker, 209 Pa. 103, and the construction established that the legislature intended to provide standards of proof, for purposes of jurisdiction, in two classes of actions, which should include every possible case, first, issues involving title or possession of specific property, real or personal, and, second, issues involving the payment of money. The present case, though somewhat complicated by being really a double action, is nevertheless a judgment for the payment of money, and, therefore, within the second class.

The appeal is remitted to the Superior Court.