# Hartje *v.* Hartje.

*Appeals—Divorce—Amount in controversy—Superior Court.*

From a decree allowing counsel fees and alimony in divorce the appeal lies to the Superior and not to the Supreme Court, and this is the case although the amount allowed is in excess of $1,500.

Appeal from order of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 15½. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Remitted to Superior Court.

Per Curiam, November 2, 1908:

This is an appeal from decree allowing counsel fees and alimony in divorce. The decree being for the payment of more than $1,500 would appear prima facie to come within the principle if not the exact terms of the decision in Prentice v. Hancock, 204 Pa. 128, and the appeal, therefore, would lie in this court.

But the same Act, May 5, 1899, P. L. 248, on which Prentice v. Hancock was based, in sec. 7 gives the Superior Court jurisdiction over "appeals in proceedings in divorce." The original proceeding in the court below was for divorce, and an appeal at any previous stage of it would certainly have lain to the Superior Court. The fact that this is a money decree does not prevent it from being still a part of the same proceeding.

There is no real repugnance between the different sections of the act. Section 1 (c), for purpose of jurisdiction in appeals, classifies all money judgments according to their amount without reference to the nature of the action, while sec. 7 deals with proceedings in divorce as a special class without reference to a possible money judgment which may be incident to the action. This being made a special class the legislative intent is clear to take it out of the general classification in sec. 1.

The appeal is remitted to the Superior Court.