## Green *v.* Duffee. Glauser's Appeal.

*Appeals—Jurisdiction—Determination of amount in controversy—Act of May 5, 1899, P. L. 248.*

1. Where on the distribution by an auditor of a fund, the proceeds of a sheriff's sale of real estate, a mechanic's lien claimant presented a claim for $2,162.77 and was awarded $1,266.20, and it appears that there was no dispute over the amount due the claimant, and all questions as to the validity of his lien were decided in his favor by the auditor, but the fund was insufficient to pay the lien, and other mechanics' liens, in full because of the priority in distribution given to a mortgage, an appeal by the claimant questioning the right of such priority lies within the jurisdiction of the Superior Court.

2. The intent of the Act of May 5, 1899, P. L. 248, was to make statutory provision for determining the appellate jurisdiction by furnishing standards of proof in two classes that should include every possible case. In issues involving title or possession of property, jurisdiction is determined by the certificate of the judge. In issues involving the payment of money, the amount claimed, if there has been no recovery, and the amount of the judgment or award when there has been a recovery, is the standard fixed by the act in order to establish a uniform rule.

Argued Feb. 8, 1911. Appeal, No. 365, Jan. T., 1910, by Stacy G. Glauser & Son, from decree of C. P. Delaware Co., Dec. T., 1909, No. 284, dismissing exceptions to auditor's report in case of John P. Green v. John H. Duffee et al. Before FELL, C. J., BROWN, MESTREZAT,

POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Re-. mitted to the Superior Court.

Sci. fa. sur mortgage. Exceptions to report of William I. Schaffer, Esq., auditor.

The case is stated in the opinion of the Supreme Court.

*Error assigned* was in overruling exceptions to auditor's report.

*George M. Booth,* for appellants.

*Garrett E. Smedley,* for appellee.

PER CURIAM, April 10, 1911:

On the distribution by an auditor of a fund, the pro-. ceeds of a sheriff's sale of real estate, the appellant, a me- chanic's lien claimant, presented a claim for $2,162.77 and was awarded $1,266.20. There was no dispute over the amount due the claimant, and all questions as to the validity of his lien were decided in his favor by the au- ditor. The fund was insufficient to pay his lien, and other mechanics' liens, in full, because of the priority in distribu- tion given to a mortgagee. The right of priority is raised by this appeal. The question now to be considered is whether the appeal should have been taken to this or to the Superior Court.

Before the Act of May 5, 1899, P. L. 248, and in the absence of any statutory provision for determining the appellate jurisdiction, we adopted as a test of the amount really in controversy, in such an appeal as this, the differ- ence to the appellant between the award appealed from and the award sought from this court. The act of 1899 established a mode of ascertainment by providing that the amount or value really in controversy in ejectment or other issues involving title or possession of real estate or chattels should be determined by the certificate of the judge and that "in any suit, distribution or other pro-

ceedings in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy; but if he recovers nothing, the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim or in the declaration." In Prentice v. Hancock, 204 Pa. 128, it was said by MITCHELL, J., that "while the expression 'if the plaintiff recovers damages, either for a tort or a breach of contract' is not technically accurate as applied to a decree upon a trustee's account, yet the latter is clearly within the legislative intent of the clause" and that the intent of the act was to provide standards of proof in two classes that should include every possible case. In issues involving title or possession of property, jurisdiction is determined by the certificate of the judge. In issues involving the payment of money, the amount claimed, if there has been no recovery and the amount of the judgment or award when there has been a recovery, is the standard fixed by the act in order to establish a uniform rule. The construction given the act in Prentice v. Hancock, in relation to cases not strictly within the words of its provisions, has been observed in Astwood v. Wanamaker, 209 Pa. 103; May's Est., 218 Pa. 64; Spring City Brick Co. v. Martin Brick Mach. Mfg. Co., 221 Pa. 385.

The jurisdiction in this appeal is in the Superior Court, and it is ordered that the record be remitted to that court.