## Dougherty, Appellant, *v.* Philadelphia Rapid Transit Company.

*Interest—Verdict—Remittitur.*

When a verdict is rendered in favor of plaintiff, and several years afterwards plaintiff files a remittitur of all above a sum stated, and judgment is entered thereon, interest will run on the amount of the judgment from the date of its entry, and not upon such amount from the date of the verdict.

Argued Dec. 2, 1914. Appeal, No. 135, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1907, No. 2,747, discharging rule for judgment and interest in case of Delia Dougherty v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule for judgment and interest.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment and interest.

*Henry J. Scott*, for appellant, cited: Irwin v. Hazleton, 37 Pa. 465; West Rep. Mining Co. v. Jones, 108 Pa. 55.

*Chester N. Farr, Jr.*, for appellee.

OPINION BY ORLADY, J., December 20, 1914:
On November 15, 1910, the plaintiff recovered a verdict in the sum of $1,765. After argument, on a mo-

tion and reasons for a new trial, the court on December 6, 1910, made the following order: "Upon filing by plaintiff of remittitur for all over $900, the motion is overruled, otherwise the motion is granted." The record remained in this situation until February 14, 1914, when the following entry was made: "The plaintiff by her counsel remits all in excess of $900," paid the jury fee, and entered judgment for that amount. The defendant tendered to the plaintiff on March 2, 1914, $900 and costs, which was refused by the plaintiff, who claimed interest on the sum of $900 from November 15, 1910, to the date of the tender. This rule for judgment and interest was discharged by the court below.

In this country, interest is looked upon as an incident of the money to be paid with the principal when the latter has been withheld after it became the duty of the debtor to pay it. It seems to have been long understood that where it is the duty of the debtor to pay the sum he owes, and the creditor demands a greater sum, the debtor can only relieve himself from liability by tendering payment of the debt. A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls short of the sum found due at the time of the tender, interest runs on the whole: Irwin v. Hazleton, 37 Pa. 465; West. Reb. Mining Co. v. Jones, 108 Pa. 55.

When the plaintiff in this case filed her remittitur for "all in excess of $900," she released everything, whether in the nature of principal or interest thereon, and by her own carefully chosen words fixed the amount of the judgment she elected to accept, on the date of February 14, 1914. On this sum interest began, not on a verdict, the amount of which was in suspense, but on the judgment which represented her liquidation of that verdict.

The judgment is affirmed.