# Pattison, Appellant, *v.* Buffalo, Rochester & Pittsburgh Ry. Co.

*Railroads—Eminent domain—Damages—Compensation for delay—Set-off—Rents, issues and profits—Delay in making improvement—Interest—Case for jury.*

1. Where land is appropriated under the power of eminent domain, the owner's right to any use of the land ceases. There is substituted for it a claim for damages.

2. An owner is entitled to damages for delay in payment unless he stubbornly refuses to name a price, makes extortionate demands or, by capricious conduct, hinders negotiations.

3. If after the paper taking, the owner continues in actual occupancy of the land, receiving therefrom rents, issues and profits, he is not entitled to have this benefit and full compensation for delay in payment.

4. Where set-off for use is made to appear, the jury should be permitted, from sufficient evidence, to ascertain the net value of such use, and deduct it from compensation for delay.

5. Where there is merely some evidence that the owner farmed land, it is reversible error for the court to charge that if the jury find the owner farmed the land, he would not be entitled to compensation for delay.

6. A mere permissive use for the convenience of the owner, will not be considered, such as a use for ingress and egress; nor will any benefit derive by the failure of the company to build its improvement, thereby delaying the annoyance and inconvenience following the improvement.

Argued October 7, 1919. Appeal, No. 111, Oct. T., 1919, by plaintiff, from judgment of C. P. Indiana Co., March T., 1917, No. 182, on verdict for plaintiff in case of James W. Pattison v. Buffalo, Rochester & Pittsburgh Ry. Co. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Appeal from report of jury of view. Before LANG-HAM, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,720. Plaintiff appealed.

*Error assigned* was portion of charge recited in opinion of Supreme Court, quoting it.

*S. M. Jack,* with him *S. J. Telford,* for appellant.

*R. B. Ivory, John G. Whitmore* and *John A. Scott,* for appellee, were not heard.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

When land is appropriated under the power of eminent domain, the owner's right to any use of the land ceases. There is substituted for it a claim for damages and prima facie he is entitled to damages for delay in payment. This right continues throughout the proceedings and the burden is on the one exercising the right to show facts that will excuse the delay in payment: Wayne v. Pa. R. R., 231 Pa. 512; Hoffman v. Phila., 250 Pa. 1; Hoffman v. Phila., 261 Pa. 475.

There is no evidence in this case that the landowner stubbornly refused to name an amount he would accept

as compensation or made an extortionate demand or by capricious conduct hindered or delayed negotiations. On this state of the record he was entitled to damages for delay in payment: Wayne v. Pa. R. R., supra. But the right to this compensation, in whole or in part, may depend on other circumstances. If, after the paper taking, the person continues in actual occupation of the land, receiving therefrom rents, issues and profits, it would be inequitable for him to have this benefit and full compensation for delay in payment. While such occupation is permissive, the land cannot be built upon, improved or sold; and while possession and enjoyment is to some extent interfered with, as it cannot be safely rented for any fixed period, or if the occupant sows grain he cannot be sure he will reap his harvest, yet when the land is occupied and used, all these considerations are but a restriction on the use of the property and only go to lessen the benefit which might otherwise be derived from a use consistent with a freehold estate. The net income is, nevertheless, a benefit which the person receives and it is no more than equitable that its value should be ascertained by the jury and deducted from the entire compensation for delay. We have said so in cases where municipalities were interested. See Second Street, Harrisburg, 66 Pa. 132; Norris v. Phila., 70 Pa. 332. The doctrine is recognized in other jurisdictions. "It is true that, by the institution of proceedings to condemn, the possession and enjoyment by the owner are to some extent interfered with. He can put no permanent improvements on the land, nor sell it, except subject to the condemnation proceedings. But the owner was in receipt of the rents, issues, and profits during the time occupied in fixing the amount to which he was entitled, and the inconveniences to which he was subjected by the delay are presumed to be considered and allowed for in fixing the amount of the compensation. Such is the rule laid down in cases of the highest authority": Shoemaker v. United States, 147 U. S. 282, 321, and cases there cited; Warren v. First

Div. of St. Paul, etc., R. R., 21 Minn. 424, 427; Norcross v. Cambridge, 166 Mass. 508. A mere permissive use for the convenience of the owner, who might secure the same benefit in another way, such as a use for ingress and egress, will not be considered; nor will any benefit derived by the failure of the company to build its improvement, thereby delaying the annoyance and inconvenience following that improvement: Wayne v. Pa. R. R., supra. The use considered may be summed up in rents, issues and profits and has reference to the products, rentals or profits taken from or off the land.

The court below instructed the jury as follows: "If you find that the plaintiff has been farming the additional forty feet taken since January, 1917, and is not entitled to any compensation for detention of payment, you may omit such compensation. That is for the jury to determine, and I don't know whether there is any evidence about whether he farmed it or not. There was some little evidence." This instruction took away from appellant a substantial right to compensation for delay. There was nothing in the record to deny him compensation for delay in payment of damages, unless it was the use made of the strip of land after the paper taking. No evidence was given as to the amount or quantity of products taken therefrom, nor was anything submitted by which their approximate value could be determined. But, under the court's instruction, the use of the land would be sufficient to prevent the owner from recovering compensation for delay. This is not correct. The learned judge failed to consider the value of this compensation,—that it might exceed the net income from the use of the land. Damages to the land does not confine itself to the mere value of the land taken where the taking is not of an entire piece of ground, as, for instance, a town lot. There are many elements entering into the question of damage in addition to this value. They are all reflected in the difference in value of the entire farm before and after taking. The compensation for delay in paying

this damage, or the value of the use of the money adjudged to be due, would be ordinary interest on the entire amount during the period of delay; it might or might not be equal to the net value of the rents, issues and profits secured from the land condemned during the same period. This was for the jury on sufficient competent evidence. The court was in error in not giving these facts due consideration as pointed out in the opinion of our Brother SIMPSON in Pa. Co. for Insurances on Lives, etc., v. Phila., 262 Pa. 439, where it is said, when a claim is made for delay in payment, if plaintiff occupies the property the damages must be reduced by the net rental value thereof during such period.

Where a claim for compensation for delay is made and a set-off for use is made to appear, the jury should be permitted, from sufficient evidence, to ascertain the net value of such use, and deduct it from such compensation. This, we believe, is fair and equitable. The appellant, at the close of the charge, by exception, specifically called the court's attention to this error.

The judgment of the court below is reversed and a venire facias de novo awarded.