## Sharp *v.* Keiser, Appellant.

*Appeals—Jurisdiction—Supreme or Superior Court—Judgment —Interest on judgment—Amount as determining jurisdiction— Acts of April 6, 1859, P. L. 381; June 24, 1895, P. L. 212; May 5, 1899, P. L. 248, and March 2, 1923, P. L. 3.*

1. The determination of the amount in controversy in any particular suit, for the purpose of deciding whether the Supreme or Superior Court has jurisdiction on appeal, is governed by the Act of May 5, 1899, section 4, P. L. 248.

2. In issues involving the payment of money, the amount claimed, if there has been no recovery, and the amount of the judgment or award when there has been a recovery, is the standard fixed by the act in order to establish a uniform rule. The act states that the amount of the judgment shall be "conclusive proof of the amount really in controversy," and this statutory rule is not subject to any exception.

3. While as a general rule a judgment cannot be entered to include, with the amount of the verdict, interest thereon for the period intervening between the date of the verdict and that of the

judgment, yet, under the proviso in the Act of April 6, 1859, P. L. 381, such a judgment may be entered under special circumstances; but when the effect of departing from the usual rule is to raise the judgment to an amount which will change the jurisdiction on appeal, the special circumstances which warrant such a course must appear of record.

4. Where the record simply shows interest added to the verdict, for the period between the date of the verdict and that of the judgment, and the amount of the judgment is thus arrived at, there may be a presumption as between the parties that the court below directed such course, and that special circumstances existed which warranted it in so doing; but when the question of jurisdiction on appeal is involved, no such presumption can be indulged to oust the jurisdiction of the Superior Court.

5. The verdict as rendered, or, if reduced by remittitur, as diminished, will be treated as the correct amount of the judgment to determine the question of jurisdiction.

6. Plaintiff may, however, if the amount of the verdict has been reduced by remittitur, include the interest on the reduced verdict in any execution which may be issued.

Argued February 6, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 62, Jan. T., 1928, by defendant, from judgment of C. P. Berks Co., May T., 1926, No. 18, for plaintiff, in case of Wm. D. Sharp v. David H. Keiser.   Remitted to Superior Court.

*Samuel E. Bertolet,* for appellant.

*Charles W. Matten,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 6, 1928:

This case, as brought before us, involves the question of the division of appeals between the Supreme and the Superior Courts.

Plaintiff sued defendant in assumpsit and obtained a verdict on October 21, 1926, for the sum of $2,592.35. On June 4, 1927, the court below made an order that a

new trial would be granted unless "plaintiff, within ten days,......remits upon the record......so much of the verdict heretofore rendered......as exceeds the sum of $2,459.84 with interest thereon from the date of its rendition, to wit, October 21, 1926." On June 14, 1927, this entry was made of record: "Plaintiff......remits of the verdict in this suit......so much as the verdict exceeds the sum of $2,459.84. Charles W. Matten, attorney for plaintiff." Under date of June 23, 1927, the following "judgment docket" entry appears: "Judgment entered on verdict in favor of the plaintiff rendered in the above case and reduced from $2,592.35 to $2,459.84, together with interest from October 21, 1926, or for the sum of $2,558.23." A simple calculation will show that, in figuring the amount of the judgment, interest on the reduced verdict was added thereto.

The above-quoted order of June 4, 1927, is somewhat ambiguous as to whether it means that plaintiff shall remit interest on the reduced award, from the date of the rendition of the verdict to the date of the filing of the remittitur, or on only $132.51, the difference between the reduced award and the verdict of the jury. If the court below intended remission of interest on the whole of the reduced award, then the "judgment docket" entry of June 23, 1927, fails to accord with the order of June 4, 1927, in that, under such an interpretation, interest would be payable only from June 14, 1927, the date of the filing of the remittitur and not from October 21, 1926, the date of the verdict. On the other hand, if the intention was to direct the remission of interest on only $132.51, then interest on the reduced award would run from the date last mentioned above. Whatever the intention of the court may have been in making the order of June 4, 1927, for present purposes we construe the order as directing that interest shall be remitted on $132.51, the amount in which the verdict was reduced, and not on the sum to which it was reduced: the judgment docket entry is figured on this basis and is correct

to that extent. There is nothing in the order, however, to warrant making interest on any sum or for any period a part of the judgment in this case; therefore, the inclusion of interest in, and as a part of, the judgment was improper, as will be shown in the course of this opinion.

Defendant appealed to this court on the theory that, while the reduced award was for less than $2,500, the amount which marks the limit of the jurisdiction of the Superior Court, yet the judgment was properly entered against him so far as the total amount thereof is concerned, that is, for $2,558.23, a sum exceeding the jurisdiction of the Superior Court. As already indicated, we do not agree with this position, and perhaps discussion as to its incorrectness would be sufficient without more; but since, from numerous instances recently brought to our attention, it seems that the profession is confused concerning the rules which govern the determination of jurisdiction on appeal as between the Supreme and Superior Courts, we shall take this opportunity to discuss that subject in a broader way, in the hope of shedding some helpful light upon it.

Under section 1 (c) of the Act of June 24, 1895, P. L. 212, as amended by the Acts of May 5, 1899, P. L. 248, and March 2, 1923, P. L. 3, the amount regulating jurisdiction as between the two appellate courts was fixed at $2,500. The determination of the amount in controversy in any particular suit, for the purpose of deciding which court has jurisdiction on appeal, is governed by section 4 of the Act of 1899, which provides: "In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages,......the amount of the judgment, decree or award shall be *conclusive* proof of the amount really in controversy." In Green v. Duffee, 231 Pa. 393, 395, the whole section is epitomized thus: "In issues involving title or possession of property, jurisdiction is determined by the certificate of the judge. In issues

involving the payment of money, the amount claimed if there has been no recovery, and the amount of the judgment or award when there has been a recovery, is the standard fixed by the act in order to establish a uniform rule." This section has been commented upon also in Prentice v. Hancock, 204 Pa. 128; Astwood v. Wanamaker, 209 Pa. 103, 104; May's Est., 218 Pa. 64, -67; Spring City Brick Co. v. Henry Martin Brick M. M. Co., 221 Pa. 385, 386, 387; and McGlinn's Estate, 270 Pa. 373, 376. In an unreported case recently appealed to this court, the parties had agreed in the court below that, in event of a verdict being rendered in favor of plaintiff, the damages should be assessed at "six cents" and judgment entered accordingly; this was done. As a matter of fact, the legal rights thus adjudicated affected very large interests, and, therefore, the trial judge certified that the amount involved exceeded $2,500; but we remitted the appeal to the Superior Court, because the statutory provision that "the amount of the judgment......shall be conclusive proof of the amount really in controversy" is not subject to any exception. In none of the above cases, however, has the question which is now before us arisen, viz., whether the judgment mentioned in the act may be raised above the amount of the verdict by including interest thereon from the day of the rendition of the verdict to the date of the judgment, and thus control the jurisdiction on appeal. In this case, if such interest is included, the judgment is sufficient in amount to bring it within our jurisdiction; on the other hand, if the interest is omitted, the Superior Court must determine the appeal.

In Prentice v. Hancock, supra, 132, discussing section 4 of the Act of 1899, we said that the statutory rule for ascertaining the amount in controversy "may not always determine the amount with absolute accuracy, but it constitutes a uniform standard for the determination of the appellate jurisdiction, and has the advantage of being fixed, definite, and of easy application," adding,

"Such was the intent of the act." The intention to fix definitely a line marking the limits of jurisdiction in this court and the Superior Court would be seriously hindered by allowing interest on the verdict to be considered in determining the amount really in controversy. If such a rule were countenanced, parties could, through intentional delay in entering a judgment, increase its amount by the addition of accumulated interest so as to deprive the Superior Court of rightful jurisdiction; thus uncertainty and indefiniteness would replace certitude and fixity, contrary to the purpose of the act. Another objection to such a method of entering judgments is that it would give judgment creditors compound interest, whereas, speaking generally, the law contemplates simple interest only.

When the Act of April 6, 1859, P. L. 381, relating to interest on verdicts, states that the party "in whose favor any verdict may be rendered for a specific sum of money" shall be entitled to collect interest upon "such sum" from "the date of the verdict," and that "every general judgment entered upon such verdict ......shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding," "finding" necessarily means finding of the verdict, and "interest thereon" means interest on the amount of the verdict either as rendered or as reduced by remittitur. Finally, "shall be deemed and held to be a judgment......with interest," etc., does not mean, shall be a judgment in the amount of the verdict with interest added thereon to date of the entry of the judgment; on the contrary, it means what it says, namely, that every general judgment entered on a monetary verdict shall be "deemed......to be for the sum found by the verdict." The reference to interest means nothing more than that an execution issued on a judgment following a monetary verdict shall include interest from the date of the verdict; though an optional order for a new trial may direct a different date for

the running of interest, and, if such order is accepted by the one in whose favor the verdict was rendered, the date named therein will control.

As stated in Norris v. Phila., 70 Pa. 332, 333, prior to the Act of 1859, a verdict bore no interest till reduced to judgment, and then only from that date; whereas, under this statute, when judgment is entered, thereafter interest runs on the amount of the verdict from the day of its rendition. The act, however, has a proviso as follows: "Provided, That nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper." While as a general rule a judgment cannot be entered to include, with the amount of the verdict, interest thereon for the period intervening between the date of the verdict and that of the judgment, yet, under the power contained in this proviso, such a judgment may be entered under special circumstances; but when the effect of departing from the usual rule as to the running of interest in entering a judgment is to raise such judgment to an amount which will change the jurisdiction on appeal, the special circumstances which warrant such a course must appear of record. Where the record simply shows interest added to the verdict, and the amount of the judgment is thus arrived at, there may be a presumption as between the parties that the court below directed such course and that special circumstances existed which warranted it in so doing (Irvin v. Hazleton, 37 Pa. 465, 467), but where, as here, the question of jurisdiction on appeal is involved, no such presumption can be indulged to oust the jurisdiction of the Superior Court,—the verdict as rendered, or, if reduced by remittitur, as diminished, will be treated as the correct amount of the judgment. In this case, the sum which determines the question of jurisdiction is $2,459.84, that is to say, the amount of the reduced verdict without accrued interest.

1928.]			Opinion of the Court.

Plaintiff, however, can include the interest on this amount in any execution which may be issued.

Kelsey v. Murphy, 30 Pa. 340, and Irvin v. Hazleton, supra, both of which discuss the question of the inclusion of interest in judgments, contain no ruling to the contrary of the conclusion here stated; neither of these cases involves the point now before us for determination. The decision which comes nearest to ruling the point is Hartman v. Reading Wood Pulley Co., 38 Pa. Superior Ct. 587, 589, 590. There, on June 30, 1908, "judgment was entered on verdict in favor of the plaintiff for......$1,500 [which at that time marked the limit of the jurisdiction of the Superior Court], with interest from April 19, 1907." The Superior Court ignored, as part of the judgment contained in the record entry, the reference to interest, and held the appeal to be within its jurisdiction.

The appeal in this case is remitted to the Superior Court.