# Troetschel et ux. v. Pennsylvania Turnpike Commission

*John R. Jackson,* for plaintiffs.

*John P. Sipes* and *John W. Mentzer,* for Pennsylvania Turnpike Commission.

SHEELY, P. J., September 9, 1941.—The sole question raised in this proceeding is the right of plaintiffs to receive interest on the verdict recovered against defendant. Plaintiff appealed from the award of the viewers appointed to assess damages for the taking of their land by the Pennsylvania Turnpike Commission and the case was tried before a jury. A verdict in favor of plaintiffs in the sum of $2,875 was returned on March 21, 1941, whereupon defendant moved for a new trial. On June 2, 1941, the court entered an order granting the new trial unless plaintiffs would, within 10 days, remit $375 of the amount of the verdict, reducing it to $2,500, the time later being extended to July 1, 1941. On June 20, 1941, plaintiffs filed a remittitur, remitting $375 of the verdict, and judgment was accordingly entered against defendant for $2,500. Plaintiffs refused defendant's offer of $2,500, claiming interest thereon from March 21, 1941, the date of the verdict.

The commission has filed no brief and we are not advised of the theory upon which it denies liability for interest. The Act of April 6, 1859, P. L. 381, 12 PS §781,

provides generally for the payment of interest upon a verdict, from the date the verdict is returned. There is nothing in the statute which would limit its application by excluding verdicts in condemnation cases. The Act of April 25, 1929, P. L. 777, 26 PS §43, provides that the amount of damages allowed in a report of viewers for the taking, etc., of property shall, as finally confirmed, bear interest from the date of the confirmation nisi of the report. Thus, the latter act provides for interest on awards of viewers in condemnation cases from the time the report is filed, while the former act provides for interest on verdicts of juries in appeals in condemnation cases from the date of the verdict. This is in line with the rule stated in Commonwealth v. Stephens et al., 114 Pa. Superior Ct. 126, 138 (1934):

"When land is appropriated under the power of eminent domain the owner's right to any use of the land ceases. There is substituted for it a claim for damages and prima facie he is entitled to damages for delay in payment. This right continues throughout the proceedings and the burden is on the one exercising the right to show facts that will excuse the delay in payment: Pattison v. Buffalo R. & P. Ry Co., 268 Pa. 555, 112 A. 101. . . . The verdict of the jury concluded any and all damages to which appellants were entitled to the date of the verdict and from that point appellants were entitled to interest."

There is nothing in the agreed statement of facts which would excuse the delay in payment. Defendant itself filed the motion for a new trial, and the remittitur ordered as an alternative to the granting thereof was in a certain amount, and not for "all in excess of" a certain amount, as in Dougherty v. P. R. T. Co., 58 Pa. Superior Ct. 574 (1914). The effect of the remittitur, therefore, was to let the original verdict stand as returned, and plaintiff merely relinquished a portion thereof. The right to interest on the balance remained unimpaired.

And now, September 9, 1941, it is directed that satisfaction of the above judgment be entered upon payment to plaintiffs by the Pennsylvania Turnpike Commission of the sum of $2,500, with interest thereon from March 21, 1941, and costs.