## Scott et ux., to use, v. Stewart, Secretary of Forests and Waters, et al.

*John R. K. Scott*, for petitioners.

*Harrington Adams*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for defendants.

SHEELY, P. J., fifty-first judicial district, specially presiding, December 17, 1941.—Petitioners in this case were the owners of a tract of land in Montgomery County which was condemned by the Commissioners of Valley Forge Park on July 23, 1937. The report of viewers assessing petitioners' damage at $27,622 was confirmed by the Court of Quarter Sessions of Montgomery County on August 16, 1940. On July 21, 1941, Appropriation Act No. 31A was enacted appropriating the sum of $85,000 to the Department of Forests and Waters for the use of Valley Forge Park Commission for payment of land acquired by the commission. Petitioners then requested G. Albert Stewart, Secretary of Forests and Waters, to issue a requisition on the Auditor General, F. Clair Ross, to draw a warrant on the State Treasurer, G. Harold Wagner, to pay to petitioners out of said appropriation the sum of $27,622 with interest thereon from August 16, 1940, to the date of payment. Upon the refusal of the secretary to comply, petitioners filed this petition for a writ of alternative mandamus.

Defendants have filed a return to the writ of alternative mandamus specifically admitting the condemnation of petitioners' land; the confirmation of the viewers' report assessing petitioners' damage at $27,622; the appropriation of $85,000 under the Act of July 21, 1941, no. 31A; the request to the Secretary of Forests and Waters to issue the requisition; and the assignment of the judgment to Robert B. Scott, the use-petitioner. Defendants deny that under section 1501 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1501, it is the duty of the Secretary of Forests and

Waters to issue a requisition, as prayed for, for the reason that the Commonwealth is entitled to a credit against interest accrued on said award for the amount of the net income received by petitioners from the premises condemned, or the net rental value thereof, from the time title passed to the Commonwealth on July 23, 1937, until the present time. It is also denied that, under the decree of August 16, 1940, petitioners are entitled to interest, and it is averred that petitioners continuously used, occupied, and derived profits and income from the premises without payment of any rent or compensation therefor, which profits and income defendants aver amount to $3,452.50, an amount in excess of the interest accrued on said award. It is also averred that petitioners have an adequate remedy at law in that they may proceed to have their claim settled before the Auditor General in accordance with The Fiscal Code of April 9, 1929, P. L. 343, sec. 1003, 72 PS §1003. A subsequent question relating to the existence of tax liens was withdrawn by the Commonwealth.

Petitioners have filed a demurrer to the return which is now before the court for adjudication. Two questions are raised by the pleadings: First, are petitioners entitled to interest on the award of viewers against the contention of the Commonwealth that it is entitled to a credit against interest accrued on the award for the amount of the net income received by petitioners for the premises or the net rental value thereof from the time title passed to the Commonwealth on July 23, 1937? Second, may petitioners have a writ of mandamus to compel payment of the award of viewers with interest thereon?

The contention of the Commonwealth that it is not liable for interest on the award of viewers because the award made no mention of interest cannot be sustained. Under the Act of April 25, 1929, P. L. 777, as amended by the Act of March 26, 1931, P. L. 10, 26 PS §43, it is

provided that the amount of damages allowed in a report of viewers for the taking of property by the exercise of the right of eminent domain shall, as finally confirmed, bear interest at the rate of six percent per annum from the date of the filing of the report. This right to interest on an award of viewers was expressly recognized in Commonwealth v. Stephens et al., 114 Pa. Superior Ct. 126, 138 (1934). By virtue of the statute, interest on the award becomes an incident of the award itself, and there is no necessity for the award to mention interest.

The Commonwealth is also in error in its contention that it is entitled to set off its claim for rent or compensation for use and occupancy of the premises from the date upon which title passed to the Commonwealth on July 23, 1937. The report of viewers assessing the damage of petitioners was filed and confirmed by the Court of Quarter Sessions of Montgomery County on August 16, 1940. The damages awarded to petitioners by this report included the amount of damages ascertained to be due as of the date of the appropriation of petitioners' property, and also compensation for delay in payment from the date of the appropriation to the date of filing the report: Opening of Parkway, 267 Pa. 219, 224 (1920); Mengell's Executors v. Mohnsville Water Co., 224 Pa. 120, 127 (1909); Commonwealth v. Stephens et al., supra. As against the claim for compensation for delay in payment, the Commonwealth was entitled to set off its claim against petitioners for the use and occupancy of the land up to the date of filing the report: Pattison v. Buffalo, Rochester & Pittsburgh Ry. Co., 268 Pa. 555 (1920). The award of the viewers, however, as finally confirmed, concluded the rights of the parties as of the date of the filing of the report: Commonwealth v. Stephens et al., supra. The effect of the award of viewers in this respect is the same as the effect of a verdict of a jury in the court of common pleas: Opening of Parkway, supra; Run-

yan et al. v. McConnellsburg Borough School District, 37 D. & C. 119, 121 (1939). Thus, any claim of the Commonwealth against petitioners for use and occupancy of the premises prior to August 16, 1940, was concluded by the viewers' report filed on that date.

Nor can the Commonwealth set off its claim for use and occupancy of the premises since August 16, 1940, against petitioners' claim for interest. The claim of petitioners is founded upon the award of viewers which has become a judgment of the Court of Quarter Sessions of Montgomery County. As we have heretofore shown, their right to interest thereon is merely an incident of that judgment or award, made so by the Act of April 25, 1929, P. L. 777, as amended. The claim of the Commonwealth is an unliquidated claim based upon use and occupancy of the land. As said in McKee v. Verner, 239 Pa. 69, 75 (1913):

"If there is anything settled in this jurisdiction it is that a debt not in judgment cannot be set off against a judgment. As said by Mr. Justice Agnew in Thorp v. Wegefarth, 56 Pa. 82, 85: 'To a judgment there can be no set-off of a debt not in judgment. One judgment can be set off against another, through the equitable powers of the court, but to a judgment ripe for execution, there can be but one answer, to wit, payment pure and simple'."

It is clear, therefore, that the Commonwealth cannot sustain its claim of set-off. After petitioners' land was appropriated under the power of eminent domain, their right to any use of the land ceased, and their claim for damages was substituted. The Commonwealth then had the right to use the land, or to rent it to petitioners or others, as in Commonwealth v. Stephens, supra. But in the absence of an agreement limiting its liability for interest on the award, it cannot set off an unliquidated claim for use and occupancy. Nothing in Pattison v. Buffalo, Rochester & Pittsburgh Ry. Co., supra, is contrary to this conclusion as

the question there presented was confined to the measure of damages for the taking of land in a trial before a jury.

What we have heretofore said determines the second question: whether mandamus is the proper procedure to compel payment of petitioners' award with interest thereon. Petitioners have no claim which needs to be settled or adjusted, as this was done before the Court of Quarter Sessions of Montgomery County, and petitioners' original claim has been reduced to judgment to which the allowance of interest is an incident. Consequently, there is no need for petitioners to proceed under section 1003 of The Fiscal Code of April 9, 1929, P. L. 343, for adjustment and settlement of their claim. In the words of Mr. Justice Agnew, supra, there is now "but one answer, to wit, payment pure and simple". Even if petitioners should follow the Commonwealth's suggestion that the claim for interest be submitted under section 1003 of the code, the adjudication of the Auditor General and State Treasurer would not guarantee to petitioners payment of their claim.

In this case there is a clear legal right in petitioners and—no other defense having been asserted—a positive duty of defendants to be performed: Chilli v. McKeesport School District et al., 334 Pa. 581 (1939). The use of a writ of mandamus to compel payment under these circumstances has long been recognized: Commonwealth ex rel Bell v. Powell, 249 Pa. 144 (1915); Myers et al. v. Borough of South Bethlehem, 149 Pa. 85 (1892). Petitioners' demurrer must be sustained and a writ of peremptory mandamus directed to issue.

And now, December 17, 1941, petitioners' demurrer to the return to the writ of alternative mandamus is sustained and it is directed that a writ of peremptory mandamus issue directed to the Honorable G. Albert Stewart, Secretary of Forests and Waters of the Commonwealth of Pennsylvania, directing him to file a requisition on the Honorable F. Clair Ross, Auditor

General of the Commonwealth of Pennsylvania, to draw a warrant in the sum of $27,622 with interest thereon from August 16, 1940, to date of payment of said sum, and further directed to the Honorable F. Clair Ross, Auditor General of the Commonwealth of Pennsylvania, directing him to comply with the aforesaid requisition and draw a warrant on the Honorable G. Harold Wagner, Treasurer of the Commonwealth of Pennsylvania, to pay to John R. K. Scott and Nellie Hardie Scott, to the use of Robert B. Scott, the sum of $27,622 with interest thereon from August 16, 1940, to date of payment of the same; and further directed to the Honorable G. Harold Wagner, Treasurer of the Commonwealth of Pennsylvania, directing him to pay out of the appropriation of the Act of July 21, 1941, no. 31A, the sum of $27,622 with interest thereon from August 16, 1940, to date of payment of the same to the said John R. K. Scott and Nellie Hardie Scott, to the use of Robert B. Scott.