## Payments on Account of Condemnation

JOHN SULLIVAN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, August 27, 1959. —You have requested an opinion as to whether advance partial payments may be made as a matter of administrative discretion on account of damages sustained by property owners whose property has been condemned by your department under the provisions of the Act of May 20, 1921, P. L. 984, as amended, 26 PS §§261 et seq., or whether such advance partial payments are prohibited by section 10 of the act, 26 PS §361, which provides:

"When the amount payable to the owner of such land has been finally determined, the same shall be paid by the Secretary of Forests and Waters, the Executive Secretary of the Board of Game Commissioners, or the Commissioner of Fisheries, as the case may be, from appropriations for such purposes or from the Game Fund or the Fish Fund. All costs in connection with any such proceedings shall be paid by the Commonwealth in like manner."

The Commonwealth is not subject to the payment of interest in land condemnation awards, or for any other obligations, in the absence of a statute or contract providing for such interest: Culver v. Commonwealth, 348 Pa. 472. It is subject to damages for delay in payment of the sum due as reasonable compensation for the property taken: Fidelity-Philadelphia Trust Company v. Commonwealth, 352 Pa. 143, 145, 146 (1945):

". . . The Constitution of the State requires that just compensation be first made or secured for the taking of private property for public use. Where that is not first done, i.e., at the time of the taking, the integrity of the constitutional requirement can be respected only by including in the award for the value of the property taken such damage as there may have been (within legally prescribed limits) due to the delay in payment for the property."

The property owner may not, however, claim damages for detention if he has stubbornly refused to name a price, made exorbitant demands, hindered negotiations or capriciously delayed settlement: Whitcomb v. Philadelphia, 264 Pa. 277 (1919) ; Pattison v. Buffalo, Rochester & Pittsburgh Ry. Co., 268 Pa. 555 (1920).

The Commonwealth can minimize its liability for detention damages by early payment, at least in part, pending final determination of litigated cases.

Under section 10 of the act, it is clear that the Commonwealth has no legal liability to make any payment until the amount payable is "finally determined." May the Commonwealth, in cases where there is no problem of title or other complication and the only open question is one of amount, make advance partial payments?

It is the opinion of this department that such payments are proper. The taking immediately imposes upon the Commonwealth a burden of compensation which it should discharge as early as legally possible. The law recognizes this burden by providing for detention damages pending payment. The statutory language requiring payment "when the amount payable to the owner of such land has been finally determined" merely reaffirms the rule that an award unappealed is an enforceable judgment: Act of March 27, 1903, P. L. 83, sec. 2, 26 PS §41. It establishes the time when mandamus will lie.

There is no requirement in section 10 of the act that payment be made only at the time the amount payable has been finally determined. Partial payments, followed by payment of the remaining amount at the time of final determination, would in every way satisfy the mandate of the statute.

It should be noted that it is currently the practice in certain departments to make advance partial payments in eminent domain cases. These payments are limited to 75 percent of the lowest Commonwealth appraisal of the property in question. It would be wise to adopt this practice, and to provide for the excess if the amount finally determined to be due is less than the amount paid. Provision should also be made that no detention damages be awarded in the condemnation proceeding. Title should be approved by the Attorney General before any payment is made.

We are of the opinion, and you are accordingly advised, that in condemnation proceedings under the Act of May 20, 1921, P. L. 984, as amended, 26 PS §§261 et seq., where the only unresolved question is the amount payable for the taking, you may, in your administrative discretion, make partial payments to the owner of the land prior to the final determination of the amount due.