# Prisco v. North American Furniture Company

*Harry P. O'Neill,* for plaintiff.
*Robertson B. Taylor,* for defendant.

COTTONE, *J.*, November 5, 1980—This case is presently before the court on plaintiff's motion for judgment on the pleadings.

Briefly stated, the facts are as follows: On March 14, 1978, in a personal injuries action, plaintiff received a jury verdict in the amount of $125,000. Defendant took an appeal on the issue of damages only. Although this appeal was, in essence, denied by the court on March 7, 1979, plaintiff was directed to file a remittitur of so much of the verdict as exceeds $110,000. Plaintiff complied with this order on March 12, 1979. Pursuant to the verdict, defendant tendered a check in the amount of $110,000 to plaintiff, but refused to pay any interest thereon.

In the case at bar, it is incumbent upon this court to determine when the interest begins to run. Plaintiff asserts that the interest due should commence on the date of the original verdict, March 14, 1978,

regardless of the fact that said verdict was subsequently reduced by an order of court. Defendant argues that, since there was a bona fide dispute as to the amount of indebtedness and said amount was not ascertainable until plaintiff complied with the court's remittitur order on March 12, 1979, interest due thereon does not commence until this latter date.

" 'Interest has been defined to be a compensation allowed to the creditor for delay of payment by the debtor.' " Carbondale City School District v. Fidelity & Deposit Co. of Maryland, 346 Pa. 491, 492, 31 A. 2d 279, 280 (1943). Interest on a verdict was not recognized at common law: Logue v. Potts Manufacturing Co., 4 D. & C. 2d 143, 145 (1955). However, interest is now viewed as a legal incident of every judgment and "as distinctly a substantive part of the debt as if the obligation to pay it was founded on a contract for interest." Watson v. McManus, 223 Pa. 583, 588, 72 Atl. 1066, 1067 (1909). 42 Pa.C.S.A. §8101 states that "a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award."

The majority view in Pennsylvania holds that interest shall run from the date of the original verdict. Logue v. Potts Manufacturing Co., supra. Although certain exceptions have been made to this rule [Watson v. McManus, supra], it has been held that a bona fide dispute as to the indebtedness does not bar the accruing of interest: Dougherty v. Philadelphia Rapid Transit Company, 58 Pa. Superior Ct. 574 (1914).

More recently, the Pennsylvania Superior Court has identified the following three factors as rele-

vant to the determination of whether interest on a reduced verdict runs from the date of the original verdict: (1) whether the party causing the delay acted in good faith; (2) whether the new trial on damages was required because the original verdict is considered to be wiped out; and, (3) whether the party causing the delay had the benefit and use of the verdict amount during the delay: Printed Terry Finishing Co. v. City of Lebanon, 264 Pa. Superior Ct. 192, 399 A. 2d 732, 734 (1979); Kelly v. Allegheny County Redevelopment Authority, 411 Pa. 210, 213-14, 191 A. 2d 393, 395 (1963).

Applying the aforementioned criteria to the present action, we are of the opinion that interest should run from the date of the original verdict. This action is distinguishable from the authority relied upon by defendant. In Printed Terry Finishing Co. v. City of Lebanon, supra, the court found that the conduct of plaintiff's attorney tainted and invalidated the original verdict in its entirety, thus, rendering it a nullity. In the case at bar, there are no allegations in defendant's answer of misconduct or bad faith, or that the original verdict was considered wiped out.

Additionally, defendant argues that the court order directing plaintiff to file a remittitur "for all over" a specific sum is considered a full reversal which wipes out the original judgment. Although there is some authority supportive of this position, we do not feel that the facts of the present action fall within its purview. Contrary to the court's finding in Dougherty v. Philadelphia Rapid Transit Co., supra, Mr. Prisco's compliance with the remittitur order at issue did not release the verdict itself. In essence, the effect of the remittitur was to let the original verdict stand as returned and plaintiff merely relinquished a portion thereof. The right to

interest on the balance, in our opinion, remained uneffected. See Troetschel v. Pennsylvania Turnpike Commission, 42 D. & C. 593 (1941).

As the court adroitly observed in Logue v. Potts Manufacturing Co., supra, at p. 147: "To deny plaintiff interest on the reduced verdict would be to penalize him because the jury thought too well of his case against defendants."

After a review of the pleadings in light of the present state of the law, we find that the case is free from doubt, and that a trial on the matter would be fruitless. Therefore, pursuant to Pa.R.C.P. 1034, we grant the motion for judgment on the pleadings.

## ORDER

Now, November 5, 1980, plaintiff's motion for judgment on the pleadings is granted in favor of plaintiff, Alfonso Prisco and against defendant, North American Furniture Company, in the sum of $7,438.