## Flanigen *versus* The City of Philadelphia.

1. In a city having a known system of notation, regulated by municipal laws and acted upon by every one, the description of premises in ejectment by a number is sufficiently definite.

2. An amicable action and confession of judgment by attorney, is according to ancient and established practice, and it is not necessary that the authority of an attorney must be in writing to enable him to confess a judgment.

3. If a judgment confessed by an attorney is alleged to be irregular under the rules of the court below, application should be made to that court to set it aside.

ERROR to the District Court of *Philadelphia*.

This was an amicable action of ejectment between the City of Philadelphia and Joseph R. Flanigen, instituted under the following circumstances. The plaintiff leased to the defendant the premises in controversy (No. 136 South Third Street), for one year. The lease contained this clause :—

5th. " That if he (plaintiff in error) shall in any particular violate any one of his said covenants, then the lessor may cause a notice to be left on the premises of her intention to determine this lease, and at the expiration of five days from the time of so leaving such notice, this lease shall absolutely determine ; and upon the expiration or other determination of this lease, any attorney may immediately thereafter, as attorney for the lessee, sign an agreement for entering in any competent court an amicable action and judgment in ejectment (without any stay of execution) against the lessee and all persons claiming under him for the recovery by the lessor of possession of the hereby demised premises, for which this shall be a sufficient warrant ; and the lessee hereby releases to the lessor all errors and defects whatsoever, in entering such action or judgment, or in any proceeding thereon, or concerning the same. No such determination of this lease, nor taking or recovering possession of the premises, shall deprive the lessor of any action against the lessee for the rent or for damages."

An amicable action with confession of judgment was entered as follows :—

" The City of Philadelphia *v.* Joseph R. Flanigen. In the District Court. It is hereby agreed that an amicable action of ejectment be entered for the premises situated No. 136 south Third street in the city of Philadelphia, and that judgment be entered thereon against Joseph R. Flanigen, without any stay of execution." DAVID W. SELLERS, for defendant, October 25th 1865. F. CARROLL BREWSTER, for plaintiff.

*Habere facias* and *fi. fa.* for costs issued next day.

The errors assigned are :—

[Flanigen *v.* City of Philadelphia.]

1. The judgment was informal and irregular.
2. The judgment was void.

The name of counsel for plaintiff in error did not appear in the paper-book.

The agreement for judgment is loose and irregular. The description of property is vague. The execution followed the entry of judgment immediately. There was no opportunity to the defendant to make a defence, the agreement was not signed by him, and no warrant of attorney annexed; and for these reasons, the entry of the judgment by the prothonotary was a void act, forbidden by the rule of court, which is as binding as an Act of Assembly. The rule of the District Court, ordained January 3d 1857 (Walker's Rules, p. 19) provides as follows:—" No judg-. ment by confession shall be entered in any amicable suit, unless there be filed at the time of filing the agreement, a specific statement of the cause of action signed by the parties or their attorneys, and where said statement is signed by the attorney of the defendant there shall also be filed with the same, his warrant of attorney, it being understood that this rule does not apply to judgments on warrants of attorney, or to revivals of judgment by agreement."

*F. C. Brewster*, for defendant in error.—The rule of court has no reference to actions of this character: Cook *v.* Gilbert, 8 S. & R. 567.

The defendant's remedy was in the court below to open the judgment.

The opinion of the court was delivered, March 5th 1866, by

AGNEW, J.—There is nothing on this record to justify a reversal of the judgment. The description of the cause of action is meagre, but not wholly indefinite. The ejectment is "for the premises situated No. 136 South Third street, in the city of Philadelphia." In a city having a known system of notation, regulated by municipal laws, recognised in the transactions of general business and acted upon by every one, the description of a parcel of ground, or the messuage thereon, by a number is sufficiently definite. The state adopted a system of notation by numerals for the donation and depreciation lands, covering nearly the whole of the north-western part of the state, from the rivers Ohio and Allegheny to the New York and Ohio state lines. The conclusive effect of it will be found set forth in Smith *v.* Moore, 5 Rawle 348, and Dunn *v.* Ralyea, 6 W. & S. 478. Thousands of tax-titles in this territory, and in towns and cities in other parts of the state, rest upon no other foundation than the number affixed to the ground, which, as any other descriptive fact, is a subject of proof.

[Flanigen *v.* City of Philadelphia.]

It nowhere appears in this record that the confession of judgment by the attorney of the defendant was in pursuance of a warrant of attorney. The amicable action and confession of judgment is according to ancient and established practice, existing before the Act of 1806, as well as since, and recognised in Cook *v.* Gilbert, 8 S. & R. 567, and McCalmont *v.* Peters, 13 S. & R. 196. It has never been understood to be the law of this state that the authority of an attorney must be in writing to enable him to confess a judgment. It is daily practice to confess judgment without special warrant. If this confession was in pursuance of a written authority specially for the purpose, and, as such, fell within the provisions of the rule of the District Court, the party should have called on that court to set aside the irregular proceeding, or to take such course as that court thought required by its rules of practice. The evidence then would have been taken under the rule to show cause, and a proper result reached by a court familiar with its own rules and their proper construction.

Judgment affirmed.