## Mahoney v. Collman, Appellant.

*Judgment—Judgment by confession—History of the practice—Entry by prothonotary—Entry by attorney—Act of February 14, 1806, 4 Sm. L. 278—Practice, C. P.*

1. An amicable action and confession of judgment on a note or other instrument according to ancient and established practice, existed long before the Act of February 14, 1806, 4 Sm. L. 278.

2. Under the Act of 1806, judgment may be entered by the prothonotary on a written order confessing judgment, but, when it is so entered, it must conform in terms to the act.

3. Since the passage of the Act of 1806, the same amicable action with confession of judgment may be entered independently of the act.

4. A judgment by confession can be sustained only by a warrant authorizing it, whether the judgment is confessed by an attorney through the instrumentality of an amicable action or entered by the prothonotary under the act.

5. Where judgment is entered by the prothonotary under the Act of 1806, the written authority must be produced, but where judgment is confessed by an attorney, it has been held that written authority is not necessary; yet it is much safer, if not necessary, to have the power in writing.

*Judgment—Promissory note under seal—Power to confess judgment—Loss of note—Right to sue—Suit on lost note—Practice, C. P.—Evidence—Motion to open judgment not to strike off.*

6. A suit at law may be maintained on a nonnegotiable instrument which has been proved to have been lost or destroyed.

7. As suit may be brought on a lost nonnegotiable promissory note, there is no reason why the holder should not avail himself of every part of such note, and, if a warrant of attorney to confess judgment is part of the note, judgment may be confessed on the lost warrant.

8. Such practice does not deprive the debtor of any defense, inasmuch as he may, on petition, and for cause shown, have the judgment opened, and in this way every defense that would have been open to defendant in a suit at law becomes available.

9. As a matter of practice, the confession in such case should be accompanied by an affidavit showing that the original was lost, destroyed or stolen, and that the attached is a true copy; and the affidavit should be by one knowing the circumstances.

10. Such practice is proper as to lost notes even in counties where rules of court require the original note to be filed with the amicable action and confession, the copy taking the place of the original.

11. Whether the contest be in form of an action of assumpsit on a lost instrument, or as a result of opening a judgment confessed on such instrument, the law is that plaintiff must prove, by clear and convincing evidence, the former existence of the note, its execution, delivery and contents, that he is the owner thereof, and that the note is lost, and he may be called upon to show consideration.

12. If the existence of the note is denied, payment asserted, or other legal defense be relied on, a motion to open the judgment should be made, and not a motion to strike off.

*Appeals—Jurisdiction—Supreme and Superior Courts—Amount —Act of May 5, 1899, P. L. 248.*

13. Where a confession of judgment shows the amount due as being under $2,500, but the judgment entered was over $2,500, an appeal from an order refusing to strike off the judgment lies to the Supreme Court by the Act of May 5, 1899, P. L. 248, inasmuch as the amount of the judgment determines the jurisdiction.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 53, Jan. T., 1928, by defendant, from order of C. P. Erie Co., Feb. T., 1927, No. 609, refusing to strike off judgment, in case of T. J. Mahoney, trustee for Dr. Smith Remedy Co. v. C. H. Collman. Affirmed.

Rule to strike off judgment. Before HIRT, J.

The statement of claim averred that defendant signed and delivered a certain judgment note for $4,000 to plaintiff. Attached to the statement was a judgment note and power of attorney, alleged to be a "copy of the aforesaid judgment note." Following this was a con-

fession of judgment by an attorney. The affidavit made by plaintiff's attorney filed with the statement, alleged that the original note had been lost, but that it had been given in consideration of a stock subscription. To this affidavit was filed as an exhibit a copy of the stock subscription.

Rule discharged. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*M. Levant Davis,* for appellant.

*Henry C. Baur,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 30, 1928:

This appeal raises the question whether a judgment may be confessed by an attorney on a copy of a note, the original, containing a power to confess judgment, having been lost, mislaid, stolen or secreted. The pleadings necessary to show the facts will be printed in the statement of facts.

An amicable action and confession of judgment on a note or other instrument is according to ancient and established practice (Flanigen v. Phila., 51 Pa. 491, 493) existing long before the Act of February 14, 1806, 4 Sm. L. 278, section 28. Under the Act of 1806, a judgment may be entered by the prothonotary on a written order confessing judgment, but, when it is so entered, it must conform in terms to the Act of Assembly. Since the passage of the act, the same amicable action with confession of judgment may be entered independently of the statute: Cook v. Gilbert, 8 S. & R. 567. A judgment by confession can be sustained only by a warrant authorizing it, whether the judgment is confessed by an attorney through the instrumentality of an amicable action or entered by the prothonotary: Eddy v. Smiley, 26 Pa. Superior Ct. 318; Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586. Where judgment is entered by the prothonotary under the Act of 1806, the written authority must be produced (Chambers v. Denie, 2 Pa. 421),

but where judgment is confessed by an attorney, it has been stated that written authority is not necessary: Flanigen v. Phila., supra. Considering the vast increase in such practice, it is at least much safer if not necessary to have the power in writing. Some lower courts have held that the prothonotary cannot enter a judgment on a copy of a note that has been lost.

The entry of judgment here is in form an amicable action by agreement of the parties. Its authority comes from a promissory note under seal, the original being lost. Had plaintiff instituted an action in assumpsit to recover on the note, which could have been done (Snyder v. Wolfley, 8 S. & R. 328), the suit being in the name of the payee, the debtor could have availed himself of any defense he might have. Because this is a nonnegotiable instrument, the debtor, who is compelled to pay at the suit of the payee or legal holder, in any action by a holder claiming title from the finder, will be able to set up the defense of payment to the owner as well as any other defense attacking the note. Under such circumstances, there can be no question but that a suit at law on a lost nonnegotiable instrument is maintainable: 38 C. J. 264. As stated in Snyder v. Wolfley, supra, "there never was a time when recovery might not be had in a court of common law, on an unsealed security which was proved to be destroyed." Where a negotiable instrument is lost and suit is had thereon, it is now very generally recognized that courts of law will entertain actions to enforce liability, although formerly relief could be had only in equity; indemnity is required to safeguard against possible loss: Bisbing v. Graham, 14 Pa. 14; Bigler v. Keller, 8 W. N. C. 323.

If, then, one may sue at law on a lost instrument, there is no reason why he should not avail himself of every part of that instrument, and, if a warrant of attorney to confess judgment is part of the note, judgment may be confessed and entered on the lost warrant. Such practice does not deprive the debtor of any defense; he

may, on petition and for cause shown, have the judgment opened, and in this way every defense that would have been open to defendant in a suit at law becomes presently available. He may challenge every essential element that goes to make up the original note. In point of fact, the case resolves itself into one of practice in the commencement of an action, the result in both proceedings being the same. As a matter of practice, the confession should be accompanied by an affidavit showing that the original was lost, destroyed or stolen, and that the attached copy is a true copy, and this affidavit should be by one knowing the circumstances. In some counties the rules of court require the original note to be filed with the amicable action and confession. These rules, carrying out the suggestion of this court in an early case, apply where the note is in existence; and where it is not, the next best evidence is the copy on which judgment may be entered as here indicated.

Whether the contest be in form of an action of assumpsit on a lost instrument, or as a result of opening a judgment confessed on such instrument, in either case the law places a very heavy burden on a plaintiff seeking to recover. He is required to prove its former existence, execution, delivery, contents, that he is the owner thereof at the time of trial, and that the instrument is lost. He may be called on to show consideration. The evidence to sustain the averments must be clear and convincing. In this case, the judgment predicated on a lost note is not assailed because the note did not exist, or in the form set up in the pleading. The motion is to strike off; if the existence of the note was denied, payment asserted or other legal defense relied on, the motion should have been to open the judgment. The court did not err in refusing to strike it off.

A motion was filed to quash the appeal on the ground that the statement filed with the confession showed the amount due to be under $2,500. The act governing jurisdiction of cases on appeal provides, and we have

definitely decided that the amount of the judgment determines, the jurisdiction of this court: Act of May 5, 1899, P. L. 248, section 4; Sharp v. Keiser, 292 Pa. 142. The motion to quash the appeal is dismissed.

Judgment affirmed.