## Bittner v. Ellick.

*L. E. Weiss*, for plaintiff; *A. A. Feldman*, for defendant.

ALESSANDRONI, J., Oct. 18, 1930.—Judgment was entered of record in an amicable action upon a copy of a judgment note in the sum of $1300, the said judgment note acompanying a contract. An affidavit was filed at the same time, stating that the original contract and judgment note had been stolen, lost or destroyed and that the copy filed is a true and correct copy of the original. This affidavit was sworn to by the plaintiff. An attorney entered his appearance for the defendant and confessed judgment against her.

The motion to strike off judgment alleges several reasons. It is first averred that the prothonotary had no authority to enter judgment on a copy of an instrument without the production of the original. It is sufficient to state here that this judgment was not confessed by the prothonotary under the Act of 1806, but was confessed by an attorney for the defendant in an amicable action in accordance with the warrant contained in the judgment note.

It is also objected that neither the attorney for the plaintiff nor for the defendant has a warrant of attorney in his possession. This really raises the question as to the right of a plaintiff to confess judgment on a copy of a warrant contained in a judgment note where the original has been lost, destroyed or stolen. In Mahoney *v.* Collman, 293 Pa. 478, this question was discussed and the right upheld, the court stating: "As stated in Snyder *v.* Wolfley, *supra* [8 S. & R. 328], 'there never was a time when recovery might not be had in a court of common law, on an unsealed security which was proved to be destroyed.' . . . If, then, one may sue at law on a lost instrument, there is no reason why he should not avail himself of every part of that instrument, and, if a warrant of attorney to confess judgment is part of the note, judgment may be confessed and entered on the lost warrant. Such practice does not deprive the debtor of any defense; he may, on petition and for cause shown, have the judgment opened, and in this way every defense that would have been open to defendant in a suit at law becomes presently available. He may challenge

every essential element that goes to make up the original note. In point of fact, the case resolves itself into one of practice in the commencement of an action, the result in both proceedings being the same. As a matter of practice, the confession should be accompanied by an affidavit showing that the original was lost, destroyed or stolen, and that the attached copy is a true copy, and this affidavit should be by one knowing the circumstances. In some counties the rules of court require the original note to be filed with the amicable action and confession. These rules, carrying out the suggestion of this court in an early case, apply where the note is in existence; and where it is not, the next best evidence is the copy on which judgment may be entered as here indicated."

It is also averred that the judgment should be stricken off because of noncompliance with Rule 137 of the Common Pleas Court, in that plaintiff has not filed "a statement of the cause of action signed and sworn to by the parties or their attorneys." Defendant has overlooked the exception which is contained in this rule which states "but this rule shall not apply to judgments on warrants of attorney filed." Under the decision in Mahoney v. Collman this exception would also apply to the case before us.

Rule 139 of the Common Pleas Court states: "Where the warrant of attorney constitutes an integral part of a lease or other original contract, it shall be sufficient to file a copy of the lease or contract." The contract to which the warrant contained in the judgment note is attached stated that the "judgment note shall become part of this agreement." The mere fact that a perforated line appeared between the contract and the judgment note cannot, as contended by the defendant, overcome this express incorporation of the note in the contract.

For the foregoing reasons, the motion to strike off judgment is dismissed.

And now, to wit, Oct. 18, 1930, the motion to strike off judgment is dismissed.