## Peerless Soda Fountain Service Co. v. Hummer et al.

*Arthur Markowitz*, for plaintiff; *McClean Stock*, for defendant.

SHERWOOD, J., March 15, 1933.—This is a motion to strike off a judgment entered in the Court of Common Pleas of York County, Pa., to No. 1073, April Term, 1932. From the docket entries and stipulation of facts filed in this case, the court finds that the judgment in this case was entered by confession without filing the warrant to confess judgment and without exhibiting such warrant to the prothonotary.

It has been the uniform practice of the Court of Common Pleas of York County for many years to enter judgment by confession only on warrants filed with the prothonotary. However, there is no rule of court in York County on this subject. In the instant case, the prothonotary was misled by the affidavit attached, which contained the false statement that the written contract between the Peerless Soda Fountain Service Company and the defendants was attached thereto and marked exhibit "A", and by the erroneous statement by counsel for plaintiff, contained in the confession, that the confession was entered pursuant to a contract which was attached thereto and by virtue of authority contained in said contract.

In the case of Mahoney v. Collman, 293 Pa. 478, the Supreme Court, speaking through Mr. Justice Kephart, decided that a judgment may be confessed by an attorney on a copy of a note, when the original, containing a power to confess judgment, has been lost, mislaid, stolen or secreted. In that case the court said: ". . . where judgment is confessed by an attorney, it has been stated that written authority is not necessary: Flanigen v. Phila., supra [51 Pa. 491]. Considering the vast increase in such practice, it is at least much safer if not necessary to have the power in writing." In Wilson v. Richard, 298 Pa. 17, in a *per curiam* opinion, the Supreme Court said, "If the appearance be by attorney, the warrant, in *strict law*, should be filed with the appearance, and at common law the want of it is error. To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision".

The written contract containing the warrant of attorney authorizing confession of judgment was not attached to the confession of judgment, nor has it subsequently been produced and exhibited to the court, although plaintiff has had sufficient time so to do between entry of the rule to strike off on September 19, 1932, and the argument of the motion on March 13, 1933. The false averment in the affidavit and the erroneous statement of counsel in the confession of judgment amounts to fraud on the court and should move the court to strike from the record all entries founded thereon. It follows that the record is defective and that there is nothing before the court to show that the power to confess judgment was authorized by the terms of a written contract not attached to

the confession of judgment. If plaintiffs had produced the written contract containing the warrant of attorney authorizing the confession of judgment to the court before final decision, we would apply the rule laid down in Wilson v. Richard, 298 Pa. 17, for the purpose of saving an honest judgment. This has not been done and it follows that the rule granted September 19, 1932, must be made absolute.

And now, to wit, March 15, 1933, it is ordered and decreed that the rule granted September 19, 1932, to show cause why judgment no. 1073, of April Term 1932, should not be striken from the record, is made absolute and said judgment is stricken from the record and the judgment index, and an exception is granted to the use-plaintiff, Commercial Investment Trust, Inc., to the action of the court in this regard.     From George Hay Kain, York, Pa.