**LATHREM, Plaintiff, v. FOREMAN, Defendant.**

Common Pleas Court, Montgomery County.

No. 95891. Decided February 14, 1957.

Rowan A. Greer, Jr., of Landis, Ferguson, Bieser & Greer, and Louis T. Shulman of Shaman, Winer, Shulman & Ziegler, Dayton, for plaintiff.

William G. Pickrel, Maurice J. Leen, Jr., of Pickrel, Schaeffer & Ebeling, Dayton, for defendant.

## OPINION

By McBRIDE, J.:

On a petition to vacate a judgment taken by confession it was undisputed that the original note and warrant of attorney was lost and was not produced at the time the judgment was rendered or at any other

time during the subsequent proceedings. This presents the question of the authority of an attorney to confess judgment and of the jurisdiction of the court over the person of the defendant when the original warrant of attorney is not available. A second problem arises as to the validity of an attempt to restore the instrument and to obtain judgment without notice to the defendant.

The initial pleadings, filed November 2, 1945, were in the customary printed form used in cognovit cases and included a verification by an attorney that the instrument was in his possession. In 1952 a conditional order of revivor of the dormant judgment was filed and notice was served on the defendant for the first time. The judgment was revived and this decision was affirmed in Case No. 2281 by the Court of Appeals of Montgomery County.

At the hearing on the merits of the petition to vacate the judgment both parties were present and represented by counsel. The defendant, and petitioner in the instant proceedings, Carl M. Foreman, denied signing the note dated November 8, 1929 for $1,245.00 and he denied signing any other note to Samuel F. Lathrem. On cross-examination he was shown notes for $150.00 to Lathrem, each dated in 1929 and apparently paid. Thereafter he merely indicated that he had no personal recollection of signing the note on which the judgment was taken; that he had no knowledge of the note until he received the notice of the proceedings to revive the judgment. A penned notation above the caption of the original pleadings that "judgment (was) rendered on (a) lost instrument" and endorsed by the trial judge was introduced.

A stipulation of fact, filed in this case in the revivor proceedings, was offered in evidence and decision reserved, however said stipulation is admitted. The attorney for the judgment creditor, called on direct examination, admitted the facts contained in the stipulation.

The court finds that the evidence is undisputed that the judgment of November 2, 1945 was rendered by confession when the original note and warrant was lost and that the instrument and warrant of attorney was not presented to the court. The testimony reveals that prior to the rendition of the judgment an ex parte hearing was had before the trial judge and evidence was introduced that such a note existed, had been signed by the defendant, contained a warrant of attorney, and was unpaid. On the basis of such hearing and without notice to the defendant the court proceeded as if the note were produced and granted judgment by confession. There is no pleading, notice, or order of the court as to the lost instrument. There is no record or any finding that the instrument or the warrant of attorney be restored.

*      *      *      *      *

The court acknowledges the assistance of scholarly briefs. They discuss the problems involved and decisions in the instant case through several hearings and one appeal. In every instance the validity of the judgment was sustained

In sustaining the revival of the within judgment the Court of Appeals applied the general rule that attaches to every judgment; that a presumption exists as to the validity and regularity of any judgment, citing **McCullough v. Luteman, 15 Oh Ap 207.** The Court of Appeals

indicated that the lost instrument may be restored and a recovery had upon each instrument.

"Under the presumption of regularity in obtaining the judgment, since the record reveals the note was lost and record taken, the presumption must also prevail that sufficient evidence was presented to establish the instrument as being lost and the copy attached to the petition as being authentic. Under the power of attorney in said copy, Attorney Smith was authorized to enter an appearance and waive the issuing and serving of summons. Upon appearance being entered jurisdiction was acquired, and if the court was not authorized to enter a judgment under §2323.13 R. C., and having done so, the same would be erroneous and irregular but not void . . . ."

We have emphasized the presumptions expressly mentioned. We may add a presumption of jurisdiction over the defendant for the purpose of restoring the note before Attorney Smith was authorized to enter an appearance or to waive the issuing of summons. This court is now concerned with the facts and not with presumptions, as is the situation on a motion to revive. The authority of the court in an action to revive a judgment is limited. 23 O. Jur., 1103. When the Court of Appeals sustained the revival of the within judgment in Case No. 2281 it also stated:

". . . . Matters of defense may not be set up in proceedings to revive a dormant judgment which existed anterior to the rendering thereof where it appears by the record that the court which rendered it acquired jurisdiction. An error in the rendition of a judgment may not be corrected in a proceeding of revivor. Bates Pleading and Practice, 4th Ed., 532; 138 A. L. R. 863.

"It is our conclusion that this collateral attack upon the original judgment is not well taken; that if sufficient grounds of irregularity in obtaining the judgment can be established entitling the appellant to a vacation of the same, this relief must be obtained by a direct attack upon said judgment."

This court is now confronted with the undisputed testimony that the defendant received no notice that judicial process was in motion to determine whether such instrument existed and whether or not the attorney had authority to act on his behalf. The plaintiff represented to the court in his petition that the instrument and warrant was in his possession, yet at the ex parte hearing he admitted that it was not and informally requested the court to exercise its power to restore the instrument so that the attorney would thereafter have authority to confess judgment. Whether or not the attorney had such authority must be resolved by the facts: It cannot rest on a presumption.

It is also argued that this court should follow a decision in this case overruling a motion by Carl M. Foreman for a judgment on the pleadings in the proceedings to vacate. The court examined the record at the time of the trial, and again recently, and failed to find an answer to the petition to vacate. Since the parties and counsel proceeded to trial on the merits this failure is now waived however the absence of an answer justified a refusal to grant judgment on pleadings. Any additional reason heretofore advanced for a decision thereon fails for want of an admission of fact.

42

Another factor which distinguishes the problem presently before the court from the prior rulings is the "entirely new law" included in the defendant's brief which was not previously considered. This undoubtedly refers to an old, but significant amendment to the form of what is now §2323.13 R. C. This "entirely new" historical study of the statute requires a thorough examination of the procedure in Ohio on judgments by confession.

\* \* \* \* \*

Sec. 2323.13 R. C. (§11597 GC; §5324 R. S.) provides:

"An attorney who confesses judgment in a case, at the time of making such confession, **must produce the warrant of attorney for making it to the court before which he makes the confession;** and the original or a copy of the warrant **shall** be filed with the clerk."

This statute has existed in substantially the same form for over a century without determination of the question of the necessity of producing the original instrument. A former provision, which was deleted in 1852, provided that the attorney produce his warrant **"if required so to do." Statutes, 1841; 29 Ohio Laws, 69; 51 Ohio Laws, 120.**

Prior to the amendment production of the power of attorney was not mandatory. Whether it was produced or not was expressly left to the discretion of the court. We have been unable to discover what prompted the legislature to eliminate the optional provision. However the intent is apparent to eliminate any discretion on the part of the court in requiring the performance of the condition expressed. The only optional provision relates to filing the original or a copy with the clerk after the judgment has been rendered. This additional special provision for making up the record excludes any construction that such option exists at the time the judgment is confessed. It will be observed that the words "must" and "shall" are separately used in this statute.

The condition of the law of other states is not helpful, but it does indicate how litigious this situation can become when the production of the original warrant is left to the discretion of the individual judges. Various conditions have been imposed by other states where cognovit instruments are allowed. The most common and cumbersome are those which require a sworn verification of the warrant and a statement containing various facts as to the existence, purpose, and consideration of the note. Of the statutes examined the simple Ohio regulation stands alone as the most conducive to the use of commercial credit, strictly in accord with the agreement of the parties, and adequate to protect the public in the otherwise unrestricted use of cognovit instruments.

In the absence of a reported case in Ohio the judgment creditor relies upon the case of Mahoney v. Collman (1928) 293 Pa. 478, 143 A. 186 which affirmed a judgment by confession by an attorney pursuant to a copy of the instrument where the original was shown to have been lost. At the time in question a judgment could be entered in "amicable actions" by a prothonotary **only if the warrant in writing were produced.** If the confession was made by an attorney the judgment was "entered independently of the statute" and "according to ancient and established practice" which did not require the authority of the attorney to be in writing. In the absence of legislation the county

courts in Pennsylvania, at the suggestion of the supreme court, adopted local rules regarding confession of judgments by attorneys. In Wilson v. Richard, 298 Pa., 17 (1929) the court rule prohibited an attorney from confessing judgment unless he had the **original instrument in his possession** at the time of entering judgment. The court followed the view that "it was not to be assumed a member of its bar would undertake to enter a judgment under the rule without having in his possession the warrant to do so. . . . As stated in Mahoney v. Collman, 293 Pa. 478, 482, in some counties the rules of court require the original note to be filed; but in Clarion County **there is no such requirement,** and its rule does not run counter to any of our decisions."

A court is obligated to follow a general statute, but not its own rule. The confusion inherent in the absence of legislation is apparent in other Pennsylvania decisions.

In Peerless Soda Fountain Service Co., v. Hummer, 19 D & C (Pa.) 302 (1932), a judgment was stricken from the record where the warrant was not attached to the confession of judgment nor subsequently produced and exhibited to the court for the purpose of saving the judgment. In Bittner v. Ellick, 14 D & C (Pa.) 621 (1930), the court followed the Mahoney case in applying a local rule as to confession of judgment by an attorney. An affidavit as to loss was filed when judgment was taken as suggested by the supreme court. The rule that a judgment may be entered on a copy of the note in the absence of a statute requiring the original to be produced was followed in Crane v. Harris, 56 D & C (Pa.) 481 (1946). But in Longacre, et al v. Breish, 22 D & C (Pa.) 271 (1934), it was held that judgment should not be entered upon a mere copy of a paper containing a warrant for the confession of judgment, even in the absence of an applicable rule of court, but where the original is produced at the hearing of a rule to strike the judgment so entered the court may order the original instrument filed in order to cure the irregularity.

As indicated in the Mahoney case, at page 187, "In some counties the rules of court require the original note to be filed with the amicable action and confession. These rules, carrying out the suggestion of the court in an earlier case, apply where the note is in existence; and where it is not, the next best evidence is the copy on which judgment may be entered as here indicated."

What is the purpose of the Ohio statute which requires that the instrument must be produced by the attorney at the time of making the confession? May the court, without notice to the debtor, substitute its personal discretion as to the nature of the evidence of the existence of the warrant, and enter judgment on something other than **"the warrant"** or such other reconstruction of its contents as the creditor may recollect? If the court may disregard the language of the statute and render judgments by confession on the "next best" or worse evidence this amended statute is meaningless and the door is open to careless, improper and fraudulent practices from which Ohio has been spared.

The terminology used in §2323.13 R. C., defies any construction other than that the original instrument itself must be produced. The language, "at the time of making such confession, must produce the

warrant of attorney for making it to the court," is a simple and clear expression of a mandatory condition precedent to the establishment of the authority of the attorney to confess and of the jurisdiction of the court over the person of the defendant. This construction is consistent with the legislative policy of Ohio to regulate rather than prohibit the use of cognovit notes.

Every amendment of a statute is presumed to effect a change in the purpose or the policy of the legislature. The purpose of an amendment must be determined by the extent of the change in the language. **Lytle v. Baldinger, 84 Oh St 1, 95 N. E. 389; Board of Education v. Boehm, 102 Oh St 292, 131 N. E. 812.** The early amendment to the present §2323.13 R. C., was of a substantial nature and the presumption arises that the legislature intended a substantial change in the handling of judgments by confession by the courts. **37 O. Jur., Statutes, Sections 436, 438, 439.** This section has a special purpose applicable to special proceedings in which fundamental rights are waived by a stranger to the party in interest. It is proper that the legislature establish conditions to be performed by counsel and the court in handling such matters. Conditions established by the legislature for the protection of the public must be literally construed and strictly executed to effect that purpose. Any construction of §2323.13 R. C. which perpetuates the discretion denied to the court or qualifies the language of the statute ignores the amendment of 1852 and is as contrary to the expressed intent of the legislature as if words of prohibition had been used.

While it is generally true that common law rules have been greatly relaxed, it is equally true that in certain instances the legislature has seen fit to adopt additional requirements. The common law rule of profert in curia, requiring production in court of an instrument in order that the judge and the defendant might read and inspect it, did not apply to promissory notes or unsealed instruments. **25 O. Jur., f. n. 10, page 789; 10 C. J. S., 1189; 72 C. J. S., 1215.** By statute Ohio has extended the common law rule of profert of certain instruments. Where the action is founded on an account or written instrument as evidence of indebtedness a copy must be attached and filed or the reason for its omission must be stated in the pleading. **Sec. 2309.31 R. C. (§11333 GC).** Where the attorney verifies such a pleading he must state under oath that the instrument is in his possession. **Sec. 2309.53(C) R. C.** And where the written instrument contains a warrant of attorney it must be produced to the court for inspection before judgment is confessed and the original or a copy thereafter filed with the clerk. **Sec. 2323.13 R. C. (§11597 GC; §5324 R. S.).** These requirements are distinctly different and must be construed to give effect to their respective purposes.

The legislative purpose in eliminating discretion as to the production of the instrument is similar in nature and purpose to that of the certificate of title law which prohibits a court from recognizing the title of any person to a motor vehicle without the production of a certificate of title. **Mielke v. Leeberson, 150 Oh St 528; 38 O. O. 352.** A few situations involving conditions imposed by statute include **In Re Estate of Golembrewski, 146 Oh St 551, 38 O. O. 41; Cleveland Ry. Co. v. Halliday, Admr., 127 Oh St 278; State, ex rel. Dworken, v. Common Pleas Court,**

131 Oh St 23, 5 O. O. 291; State, ex rel. v. Busher, 46 Oh Ap 148; Case v. Smith, 142 Oh St 95, 26 O. O. 282; Crandall v. Irwin, 139 Oh St 253, 22 O. O. 273; Gravier v. Gluth, 163 Oh St 232, 56 O. O. 228.

For many years Rule XX of this court has provided: "before a judgment entry is filed in case of confession of judgment by warrant of an attorney on promissory notes the **original** note shall be presented to the clerk of this court who shall endorse thereon by rubber stamp or writing the fact that the note is in judgment. The entry of judgment shall not be filed until the same is done." Since the court waived its own regulation, Rule XX is not decisive in this case. The requirement that the **original** be presented to the clerk for endorsement is indicative of the construction of §2323.13 R. C. accepted by this court for many years.

It is the conclusion of the court that §2323.13 R. C. establishes a legislative policy in Ohio as to confession of judgments on cognovit notes and requires, as a condition precedent, that the attorney who confesses judgment shall produce the original warrant of his authority for making it to the court at the time he waives service of process and consents to judgment. This requirement is not satisfied by the production of a carbon or other copy, nor by oral evidence of the existence of a warrant when in fact the instrument itself is lost or cannot be produced. Where the attorney fails to produce the warrant of his authority to confess judgment or it is otherwise shown for any reason that the warrant itself is not or cannot be produced the attorney is without authority and the court acquires no jurisdiction over the defendant. A judgment taken under such circumstances is void ab initio.

The loss or destruction of a written instrument does not, as a general rule, change or impair the obligation of the parties, however such loss may and usually does impair the owner's ability to establish his rights under the general rules governing notice and procedure.

The judgment in this case was rendered without the production of the warrant of authority from the defendant to confess, and without jurisdiction over the person of the defendant and was void ab initio. Where the judgment is void, the procedure outlined by §2325.01 et seq, R. C., does not control and the court has inherent authority to set aside such void judgment whenever it is properly attacked. **Snyder v. Clough, 71 Oh Ap 440, 26 O. O. 367; Donovan v. Decker, 98 Oh Ap 183, 57 O. O. 230; Shaman v. Roberts, 87 Oh Ap 328, 43 O. O. 50; Hayes v. Kentucky Land Bank, 125 Oh St 359; 14 O. Jur. 2nd, 509 et seq.**

As to the second question, what is the effect of the ex parte hearing at which the court apparently found that the note existed and contained a warrant of attorney signed by the defendant?

A determination by the court after hearing testimony that an instrument, represented to be lost, exists and contains a power of attorney to confess judgment is an exercise of judicial power affecting substantial rights of the parties. The exercise of such power without process and without a journal entry of the action of the court thereon is a sham, unconstitutional, and void and must be disregarded as a nullity even though the formality of a hearing did take place. Because of the lack of process a journal entry could not breathe life into such a procedure.

The language of a warrant of attorney may not be enlarged to

include actions or proceedings not expressly contained in the instrument. For example, a power of attorney to confess judgment for possession in event of any breach of covenant authorizes a confession upon a condition and this condition must be proved after issue, summons, and trial and cannot be confessed for no appearance is authorized on this issue. Fitzgerald v. Wiggins, 6 Dec. Rep. 1201, 9 Dec. Rep. 125, 11 W. L. B. 51. The customary power stated in a warrant contained in a cognovit note is not broad enough to authorize the attorney to perform any act with respect to different facts or causes of action. **Cushman v. Welsh, 19 Oh St 536; Spence v. Emerine, 46 Oh St 433.**

The restoration and establishment of an alleged lost power of attorney, which cannot be produced for any reason, is a justiciable issue on which the other party is entitled to regular process of law. 54 C. J. S., Section 10, page 810. Where the authority of the attorney to confess and the jurisdiction of the court over the person of the defendant is dependent upon the exercise of judicial power to restore to the plaintiff that which he cannot produce, as required by §2323.13 R. C., service of process is indispensible.

Judgments of courts should and must have a large degree of sanctity attached to them, and before they can be disturbed, the right to do so should be clear, the injury palpable, and the evidence convincing. **McCullough v. Luteman, 15 Oh Ap (210) 207.** Individual rights are equally, if not more sacred. They cannot, and must not, be disturbed by an unwarranted extension of judicial authority based on a technicality that a plaintiff need not ordinarily allege an issue—such as that he lost the instrument on which his action is founded—which determines the jurisdiction of the court over the person of the defendant. If the court may, in an ex parte hearing, find that a defendant has waived service as claimed by an interested creditor, constitutional and statutory guarantees are worthless. Such an argument sanctifies a judicial order founded upon either a fiction or a falsehood which recognizes a waiver where none existed initially. Thus jurisdiction of the defendant is not acquired but created by the court, by its own order, and not by the consent of, or service upon the defendant. The argument that an instrument may be restored and jurisdiction thereby obtained without notice to the opposing party is based upon a premise that is false and, if accepted, will promote fraud and produce devastating results in any similar situation in which this technique is exploited.

It is not necessary in the instant case to consider the appropriate procedure where a cognovit note is lost or destroyed however the owner may bring an action on the instrument. Every case of this character in Ohio has heretofore been initiated with the service of process. **Sargent v. Railroad, 32 Oh St 449; 25 O. Jur. 778, 780.** The owner might seek restoration of the note and warrant in an equitable action however existence of the legal remedy may prevent equitable relief. In either event service of process is unavoidable.

An entry may be prepared **vacating** the judgment for $2550.48 taken November 2, 1945.