the same argument now presented by appellant, that in the present case Mitchell was a trustee for the other partners. " It seems to be conceded," says Chief Justice LEWIS, " that where the assignment is to one creditor only, for the security of his own debt alone, the act of 1818 does not apply. But it is thought that where there are several assignees they are trustees for each other. If this be so, they are certainly not the kind of trustees for the creditors of the assignor which fall within the true intent and meaning of the act. . . . To adopt the construction contended for would invalidate all assignments to secure partnership debts, because it might be said with equal propriety that partners are trustees for each other." The decision in Vallance v. Ins. Co. was the logical sequence of the same view. The reasoning of STRONG, J., in support of it is not only in the same line, but is in itself sound and convincing, and we should not hesitate to follow it, even if the case were not too long settled an authority to be now disturbed. The learned court below was right in applying the rule to the present case.

Judgment affirmed.

---

Edwin C. Weaver, Executor, etc., Appellant, *v.* Lorenzo H. Cone.

*Practice, Supreme Court—Jurisdiction of Superior Court—Amount in controversy—Actions of tort—Act of June 24, 1895, sec. 7.*

Where, in an action of tort, the plaintiff's statement claims more than $1,000 damages, and an award of $1,000 is made to the plaintiff by a referee, and subsequently exceptions to the referee's report are sustained and judgment entered for the defendant, an appeal from such judgment does not involve more than $1,000, and such appeal, if taken to the Supreme Court, will, on motion, be remitted to the Superior Court.

Argued Jan. 20, 1899. Appeal, No. 308, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1892, No. 204. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Record remitted to Superior Court.

Sur motion to remit case to the Superior Court for hearing and decision under the Act of June 24, 1895, P. L. 212, sec. 7, on the ground that the amount involved was not over $1,000 exclusive of costs. It appears from the record that the suit was an action in trespass for deceit which was submitted to a referee under the act of June 16, 1836.

The referee found for the plaintiff, the appellant here, and assessed his damages at $1,000; the plaintiff accepted this finding and filed no exceptions thereto.

The court below sustained exceptions filed by the defendant to the referee's finding and entered judgment for the defendant. It is from this judgment that the plaintiff took the present appeal.

The plaintiff's statement claimed damages for the deceit exceeding $1,000.

*Theo. B. Stork* and *S. Davis Page,* for the motion.—If this court should reverse the court below and enter judgment on the award then plaintiff could only recover $1,000. No interest was given by the referee.

It follows, therefore, that the "amount of money really in controversy" is not greater than $1,000, exclusive of costs.

In such case, under the act of June 24, 1895, the jurisdiction of the Superior Court is exclusive: Peters v. Carner, 183 Pa. 65.

It is true that the act provides in action of tort such as the present that "the amount of the judgment in actions of tort shall be conclusive proof of the amount really in controversy, except when the judgment is for the defendant either upon a verdict or a compulsory nonsuit and in that event the amount in controversy shall be conclusively determined by the amount of damages which is claimed by the plaintiff's statement: " Act of 1885, P. L. 216, sec. 7.

It is also true that the plaintiff here claims more than $1,000 in his statement but (apart from the admitted fact that he orally reduced his claim before the referee to $1,000) the case is neither within the technical language of the section of the act just cited, nor is it within its spirit.

This is not a "judgment for defendant upon a verdict or a compulsory nonsuit; " it is a judgment for defendant sustaining exceptions to referee's report.

The difference between the two is not merely technical but real, for in the judgment on a verdict or a nonsuit there would be no assessment of damages such as exists in this case to measure the "amount of money really on controversy," so that per force the act is compelled to refer back to the plaintiff's statement as the only measure available.

Wherever any assessment of damages in tort exists the plaintiff's statement will not be the measure; if, for example, there is a judgment non obstante veredicto then the amount of the verdict and not plaintiff's statement will fix the jurisdiction, notwithstanding the judgment is entered for defendant. The case just cited above aptly illustrates this.

In Peters v. Carner, supra, the plaintiff's statement claimed more than $1,000, the verdict was for $800 in his favor subject to point of law reserved upon which judgment was subsequently entered for defendant. An appeal from this judgment to the Supreme Court was remitted to the Superior Court on the ground that the sum really in controversy was less than $1,000.

The plaintiff, by his own pleading, that is, by filing no exceptions to the finding of $1,000 damages by the referee has thus limited his claim to that sum and can recover no more.

*F. H. Bohlen,* contra.

PER CURIAM, January 23, 1899:
Case remitted to the Superior Court.

---

# Post Printing and Publishing Company *v.* Insurance Company of North America, Appellant.

*Insurance—Fire insurance—Bailment or conditional sale—Insurable interest.*

A policy of fire insurance on machinery provided that the "company shall not be liable beyond the cash value of the property at the time any loss or damage occurred . . . . and shall in no event exceed what it would then cost the insured to repair or replace the same with materials of like kind or quality." The insured had procured the machinery originally upon terms which were admitted to be a bailment. Subsequently the