## Everson's Estate.

Argued October 10, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Drayton Heard,* of *Heard & Heard,* for appellant.

*John G. Buchanan,* of *Smith, Buchanan, Scott & Gordon,* with him *Barton Grubbs, II,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

On the audit of the account of the administrator d. b. n. in this estate, there was awarded to appellant the sum of $2,312.50. The orphans' court, in banc, sustained exceptions thereto, and, by its final decree, refused to award appellant anything. She then took this appeal, and claims that the court in banc should have confirmed the auditing judge's award of $2,312.50 to her. This is her only claim in this court.

By section 7 (d) of the Superior Court Act of June 24, 1895, P. L. 212, 215, as supplemented and amended by section 2 of the Act of May 5, 1899, P. L. 248, 249, and as finally amended by the Act of March 2, 1923, P. L. 3, 4, it is provided "The said [Superior] court shall have......exclusive......appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases: ...... Any single claim, any dispute, distribution, or other proceed-

ing in the orphans' court, if the subject of the controversy be......money......and if also the amount or value thereof really in controversy in such single claim, dispute, or other proceeding be not greater than $2,500, exclusive of costs, and if also the claim, dispute, or other proceeding be not brought, authorized, or defended by the attorney general in his official capacity." Section 9 of the Act of 1895, P. L. 220, which has never been supplemented or amended, provides that "If an appeal is erroneously taken directly to the Supreme Court in any of the classes of cases made reviewable by the Superior Court, the Supreme Court shall not quash the appeal, but shall remit the case at the costs of the appellant to the Superior Court for hearing and decision."

These statutes are decisive. Appellant has a "single claim" of $2,312.50. Over her appeal, in respect of this, the Superior Court has exclusive appellate jurisdiction; and, since it was "erroneously taken directly" to this court, we must remit it, at her costs, to the Superior Court for hearing and decision. No authority is needed for so plain a case, but those interested may find an exhaustive consideration of the whole subject in McGlinn's Est., 270 Pa. 373.

This appeal is remitted to the Superior Court, at the costs of appellant.