## Gerber, Appellant, *v.* Jones (et al., Appellant).

Argued January 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Michael A. Foley,* with him *Henry I. Koplin,* for appellant No. 242.

*Charles A. Rothman,* for appellee No. 242, appellant No. 249.

*Maceo W. Hubbard,* with him *Raymond Pace Alexander,* for appellee No. 249.

PER CURIAM, March 23, 1942:

This was an action in trespass brought by Edward Gerber against Fidelity-Philadelphia Trust Company, as owner, and Edward Jones, trading as Ed's Garage, as lessee, of premises situated at the northwest corner of Twenty-second and Arch Streets, in the City of Philadelphia, to recover for injuries allegedly sustained by him when his foot went into a hole in the curbing of the sidewalk adjacent to the premises in question, as he was alighting from his parked automobile. Judgment was entered against Jones for want of an appearance, and the jury, which tried the issue between Gerber and the Trust Company, assessed damages against both defendants in the amount of $800. The Trust Company filed a motion for judgment non obstante veredicto and Jones moved for a new trial. After argument, the court en banc dismissed the motion of the Trust Company for judgment in its favor, but granted a new trial as to both de-

fendants, and these appeals, one by the Trust Company and the other by Gerber, the plaintiff, followed.

Although the point has not been raised, these cases involve a question of division of appeals between this Court and the Superior Court which we deem it necessary to determine. Where, as here, the question of jurisdiction depends upon the amount in controversy, the mode by which the amount shall be determined is fixed by Section 4 of the Act of May 5, 1899, P. L. 248, amending and supplementing section 7(c) of the Act of June 24, 1895, P. L. 212, and providing, inter alia, as follows: "In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim, or in the declaration." While the statutory rule may not always determine the amount involved with absolute accuracy, it provides a uniform standard for the ascertainment of appellate jurisdiction, according to the amount really in controversy between the parties as the case stood when the questions which it is sought to have reviewed arose, and is intended to apply in all actions involving the payment of money, except, of course, those as to which the jurisdiction on appeal is otherwise provided for by law. See *Prentice v. Hancock,* 204 Pa. 128; *Green v. Duffee,* 231 Pa. 393; *Schuetz's Estate,* 315 Pa. 105.

In the absence of a judgment, decree or award assessing the damages, the amount claimed must perforce be referred to as the only measure available, but where, as in the present case, there has been an assessment of damages, it is the intent and purpose of the act that the amount assessed, and not the amount claimed, shall control. The verdict of the jury, assessing the damages in the sum of $800, superseded the sum originally claimed

by Gerber, the plaintiff, as the amount involved, and, being the only amount in controversy when the orders complained of were entered, must be accepted, under the statute and the pleadings of the parties, as the amount in controversy for the purpose of determining jurisdiction of the appeals. Compare *Peters v. Carner*, 183 Pa. 65; *Weaver v. Cone*, 189 Pa. 298; *Mahoney v. Collman*, 293 Pa. 478. As the amount of the award is less than $2,500, it follows that we have no jurisdiction to pass upon the merits, and the appeals will, therefore, be remitted to the Superior Court: Act of June 24, 1895, P. L. 212, section 9; *Everson's Estate*, 309 Pa. 291.

Appeals remitted to the Superior Court at the cost of appellants.