## Glaser, Appellant, *v.* Prudential Insurance Company of America.

Argued Dec. 4, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Samuel C. Nissenbaum,* for appellant.

*Kendall H. Shoyer,* with him *Andrew C. Dana,* for appellee.

PER CURIAM, January 3, 1945:

In this action on an insurance policy insuring the life of plaintiff's husband, she recovered a verdict in the sum of $5,255.83. On defendant's motion the verdict was set aside and judgment was entered for the plaintiff for $141.60, which was the amount payable by the defendant by way of return of premiums. She appealed to this court.

Recently, in *Gerber v. Jones,* 344 Pa. 277, 25 A. 2d 141, we said, "Where, as here, the question of jurisdiction depends upon the amount in controversy, the mode by which the amount shall be determined is fixed by Section 4 of the Act of May 5, 1899, P. L. 248, amending and supplementing section 7 (c) of the Act of June 24, 1895, P. L. 212, and providing, inter alia, as follows: 'In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim, or in the

declaration.' While the statutory rule may not always determine the amount involved with absolute accuracy, it provides a uniform standard for the ascertainment of appellate jurisdiction, according to the amount really in controversy between the parties as the case stood when the questions which it is sought to have reviewed arose, and is intended to apply in all actions involving the payment of money, except, of course, those as to which the jurisdiction on appeal is otherwise provided for by law. See *Prentice v. Hancock,* 204 Pa. 128; *Green v. Duffee,* 231 Pa. 393; *Schuetz's Estate,* 315 Pa. 105."

As the amount of the judgment is less than $2,500.00 the appeal should have been taken to the Superior Court.

Appeal remitted to the Superior Court.