United States Gypsum Company, Appellant, *v.*
Birdsboro Steel Foundry and Machine Company.

Argued January 13, 1947. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles M. Price,* with him *Duane, Morris & Heck-
scher* and *Clarence G. Myers,* for appellant.

*Robert T. McCracken,* with him *C. Russell Phillips,*
for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 28, 1947:

This appeal must be remitted to the Superior Court. In an action of assumpsit to recover damages for breach of an implied warranty of quality and fitness of a hydraulic press capable of exerting nine thousand tons of pressure, plaintiff claimed damages in the sum of $57,270. Defendant in its affidavit of defense pleaded a set-off and counterclaim for the sum of $6,039.89, with certain interest. The case was tried by a judge without a jury. The judge found against the plaintiff on its claim for $65,856.06 and found in favor of the defendant on that portion of its counterclaim for the expenses of its engineer, $939.89, in installing new columns and nuts. All of plaintiff's exceptions were subsequently dismissed by a three-judge reviewing court and judgment was entered in favor of the defendant for its counterclaim of $939.89, in which damages were assessed in the amount of $1,291.05.

The jurisdiction of the Superior Court of Pennsylvania in appeals from the Court of Common Pleas, at law or in equity, in which the subject of controversy is either "money, chattels, real or personal, or the possession of or title to real property" is conferred by the Act of June 24, 1895, P. L. 212, sec. 7; as amended by the Act of May 5, 1899, P. L. 248, sec. 1; and the Act of March 2, 1923, P. L. 3, No. 2, sec. 1, 17 PS 181 and 184. That Act, as amended, provides that "if also the amount or value thereof really in controversy be not greater than twenty-five hundred dollars, exclusive of costs, and if also the action be not brought, authorized, or defended by the Attorney General in his official capacity", the jurisdiction of the Superior Court shall be "exclusive and final." *

---

* The Act of June 24, 1895, P. L. 212, sec. 7[e], 17 PS 190 provides as follows: "Nevertheless in any action or proceeding whatever above

The Act of May 5, 1899, P. L. 278, sec. 4; March 2, 1923, P. L. 3, No. 2, sec. 1, 17 PS 188, provides as follows: "The amount or value really in controversy shall be determined as follows: In actions of ejectment, either legal or equitable, and in all other actions or issues in the common pleas or in the orphans' court that involve the possession of or the title to real property, or chattels, real or personal, the judge hearing the case shall certify whether the value of the land or of the interest or of the property really in controversy is greater than twenty-five hundred dollars, and his certificates, unless the record shows it to be erroneous, shall be conclusive proof of such value for the purposes of this act. In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim, or in the declaration."

In *Prentice v. Hancock,* 204 Pa. 128, 53 A. 763, this court in an opinion by Justice MITCHELL said: ". . . the act of 1899 fixes the amount of a money judgment in any kind of proceeding as 'conclusive proof of the amount really in controversy.' It may not always determine the amount with absolute accuracy but it constitutes a uni-

---

committed to the final and exclusive decision of the said court, there may still be an appeal from its judgment to the supreme court:

First. If the jurisdiction of the superior court is in issue; or

Second. If the case involves the construction or application of the constitution of the United States or of any statute or treaty of the United States; or

Third. If the case involves the construction or application of the constitution of Pennsylvania; or

Fourth. If the appeal to the supreme court be specially allowed by the superior court itself or by any one justice of the supreme court.

form standard for the determination of the appellate jurisdiction, and has the advantage of being fixed, definite and of easy application. Such was the intent of the act." In *Gerber, Aplnt., v. Jones (et al., Aplnt.),* 344 Pa. 277, 25 A. 2d 141, this court held that where the question of jurisdiction depends upon the amount in controversy, and there has been an assessment of damages in a suit, the assessment, under section 7(c) of the Act of June 24, 1895, P. L. 212, as amended by Section 4 of the Act of May 5, 1899, P. L. 248, conclusively determines the amount in controversy for the purpose of determining jurisdiction of the appeals, and that in such a case where the amount of the award is less than $2,500.00 the Supreme Court has no jurisdiction to pass upon the merits of the appeal and the Supreme Court will on its own motion, remit the appeal to the Superior Court. This court in *Glaser, Aplnt., v. Prudential Insurance Company of America,* 351 Pa. 241, 40 A. 2d 488, reiterated and adhered to what was said in the two cases just cited.

Since the judgment in this case negatived the plaintiff's claim and since the opposing claimant recovered less than $2500 on its claim, the *sole standard* presented by this record for the determination of which appellate court had jurisdiction to hear and decide this appeal was the judgment for $939.89 awarded the counterclaimant against the plaintiff, it follows that this appeal should have been taken to the Superior Court.

This appeal is now remitted to the Superior Court. The same books used in the appeal taken to this court may be used in the appeal to the Superior Court.