Jackson Appeal.

Argued December 18, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Clarence C. Newcomer,* for taxpayer.

*James P. Coho,* with him *A. E. McCollough,* Assistant City Solicitor, for City of Lancaster.

OPINION PER CURIAM, January 11, 1960:

These are appeals by the City of Lancaster and by the owner of the premises located at 149-151 North

Queen Street, Lancaster, from a decision of the Court of Common Pleas of Lancaster County fixing the assessment of the premises for the year 1959 at $85,000.

We are of the opinion that we do not have jurisdiction to entertain this appeal, and that we should set forth the reasons for our conclusion.[1]

The City of Lancaster is a city of the third class and the assessments of real estate for city tax purposes are made under The Third Class City Code of June 23, 1931, P. L. 932, as re-enacted, amended, revised and consolidated by the Act of June 28, 1951, P. L. 662, 53 PS §35101 et seq.

Article XXV(a) of the code (53 PS §37501-§37521) provides in detail the manner of assessing property for city tax purposes and the manner of appeal from the assessors to the board of revision of taxes (composed of the council) and from it to the court of common pleas of the county within which the property is located.

No right of appeal from the action of the court of common pleas is given in the code. Where the right of appeal is not expressly authorized by statute, appellate review of the proceeding can be had only on a writ of certiorari. This Court has no authority to issue such writ and, therefore, the appeal taken in this case must be to the Supreme Court. *Bell Appeal,* 396 Pa. 592, 608, 152 A. 2d 731 (1959). This is true even though the determination of the amount involved is less than $5000. See *Bell Appeal,* supra. Nor can the

---

[1] Although cases are frequently certified from one appellate court to the other on orders without opinions, both the Supreme and the Superior Courts have also written opinions on cases transferred from one court to the other. For examples see *Bily v. Board of Property Assessment,* 157 Pa. Superior Ct. 252, 42 A. 2d 322 (1945) ; *United States Gypsum Co. v. Birdsboro Steel Foundry & Machine Co.,* 355 Pa. 653, 50 A. 2d 666 (1947) ; *Wilbur's Est.,* 334 Pa. 79, 5 A. 2d 362 (1939).

parties give jurisdiction of this case to this Court by virtue of an agreement or by their failure to question this Court's jurisdiction. See *Bell Appeal,* supra.

It was suggested at argument that the Superior Court might acquire jurisdiction of this case by virtue of the right of appeal to appellate courts given in The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101 et seq.[2] Appeals from assessments made under that Law are allowed "to the Supreme or Superior Court, in the same manner as appeals are taken in other cases to the said Supreme or Superior Court." See §§705 and 706, 72 PS §5453.705-6.

Had the assessment been made, and the appeal to the court of common pleas been taken, under the above county assessment law this Court would have jurisdiction, as the amount involved is measured not by the amount of the assessment involved but by the amount of tax sought to be avoided, which in this case is under $5000. See *DuBois's Appeal,* 293 Pa. 186, 142 A. 134 (1928).

The County of Lancaster is a county of the fourth class, and all taxation for county, borough, township, school purposes (except in cities), county institutional district and poor purposes within the limits of that county are based upon the valuations or assessments made under The Fourth to Eighth Class County Assessment Law, supra. See §103, 72 PS §5453.103. But

---

[2] In so far as the matter here involved is concerned, this act repeals The General County Assessment Law. of May 22, 1933, P. L. 853 including section 519, 72 PS §5020-519. See Section 801 of the Act of 1943 at P. L. 589. Even the provisions of The General County Assessment Law relating to assessment did not apply to cities but only to "subjects of taxation for county purposes, and for boroughs, towns, townships, school districts and poor districts which levy their taxes on county assessments." Sec. 1, 72 PS §5020-1. The City of Lancaster did not levy its taxes on county assessments.

cities are not subject to the provisions of this Law unless, "the mayor and council of any such city may effect the same by an ordinance duly passed, . . .", a copy of which must be filed in the office of the Secretary of the Commonwealth.

The City of Lancaster did not "become subject to the provisions" of the *county* assessment statute because it never took the required steps to do so. It, therefore, makes its assessments under The Third Class City Code, supra, which provides for the method of making the assessments and for the various appeals. As it does not provide for an appeal beyond the court of common pleas, we have no jurisdiction of assessments made under that code.

The assessment provisions, including the right to appeal to the Appellate Courts, contained in the *county* assessment statute do not relate to assessments made under The Third Class City Code, supra. The language of the appeal provision in the county assessment statute includes "cities" within its terms, as indeed it must, in order to cover those cities which elect to be under its provisions, but the term as there used does not include cities of all classes, nor does it include those cities of the third class which do not elect to become subject to its assessment provisions.

There are five different systems of assessing real estate for taxation by various political sub-divisions of the Commonwealth, each set forth in detail by separate statutes. Some have provisions for appellate review, but the system established by The Third Class City Code does not, and we cannot borrow a single provision relating to appellate review from a statute establishing one of the other systems in order to acquire jurisdiction of appeals under the assessment system used in this case.

An examination of the various assessment statutes, and a consideration of the constitutional provisions

relating to statutes, will furnish other reasons why the provision relating to appellate review contained in the county assessment systems cannot be applied to the third class city assessment system, but we do not believe it necessary to relate them.

Because this Court passed upon a number of appeals over which, according to *Bell Appeal,* supra, we had no jurisdiction, counsel can no longer point to a case where we assumed jurisdiction of similar subject matter as authority for our jurisdiction in a pending case. *Bell Appeal,* supra.

We feel that we are required to carefully examine jurisdictional problems in cases such as this, and believe it desirable to set forth not only our conclusions but our reasons therefor.

This case is certified to the Supreme Court.