## Budde *v.* Sandler, Appellant.

Argued November 13, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard M. Gross,* for appellant.

*Howard M. Girsh,* with him *George J. Lavin, Jr.* and *Manuel Steinberg,* for appellees.

OPINION BY MR. JUSTICE JONES, January 8, 1964:

Bernard Sandler (Sandler), instituted a trespass action in the County Court of Philadelphia County against Bernard L. Budde and Anna L. Budde (Budde). Sandler's claim was heard before a board of arbitrators under the provisions of the Act of January 14, 1952, P. L. (1951) 2087, §1, 5 PS §30, as amended. After a hearing, the board of arbitrators made an award for Sandler and against Budde of $1562.50. From that award Budde filed an appeal to the County Court of Philadelphia County.

In the meantime, Budde had instituted a trespass action in the Court of Common Pleas of Philadelphia County against Sandler. After Budde had appealed from the arbitrators' award to the county court, Budde then moved to have the suit of *Sandler v. Budde* transferred from the county court to the court of common pleas so that such suit might be consolidated for trial

with the suit of *Budde v. Sandler* then pending in the latter court. That motion was granted by the county court and the suit of *Sandler v. Budde* transferred.

Sandler then moved in the court of common pleas to quash Budde's appeal from the arbitrators' award to the county court on several grounds, i.e., failure to pay record costs, to file trial order, etc. The court of common pleas refused to quash the appeal and from that order Sandler appeals to this Court.

At the time of the present appeal, the jurisdiction of this Court was limited to appeals in actions in the courts of common pleas where the amount in controversy was greater than five thousand dollars: Act of May 8, 1956, P. L. (1955) 1540, §1, 17 PS §184.

The order of the court of common pleas which this appeal challenges involves the validity of an appeal from an arbitrators' award of $1562.50. In *Gerber v. Jones,* 344 Pa. 277, 25 A. 2d 141, we held that, where the question of appellate jurisdiction depends upon the amount in controversy and there has been an award of damages, such award conclusively determines the amount in controversy. See also: *Glaser v. Prudential Insurance Company of America,* 351 Pa. 241, 40 A. 2d 488.

The instant appeal does not lie to this Court. The amount in controversy, for the purpose of appeal, has been fixed by the award of the board of arbitrators and the amount of such award falls short of the jurisdictional standard fixed by statute for an appeal to this Court. Moreover, the statute under which the controversy was submitted to arbitration (Act of 1952, supra) applies only "where the amount in controversy shall be two thousand dollars ($2000) or less."[1]

Under these circumstances, the instant appeal should have been taken to the Superior Court.

Appeal remitted to the Superior Court.

---

[1] With an exception not presently pertinent.