364

## Smith, Appellant, *v.* Peacock Construction Company.

Argued October 8, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert L. Ceisler,* with him *Patrono, Ceisler & Edwards,* for appellant.

*William C. Porter,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1968:

This appeal is not properly before us. The Act of June 24, 1895, P. L. 212, §7, as amended, 17 P.S. §181 et seq., provides for the jurisdiction of the Superior Court. By virtue of the amendatory legislation of August 14, 1963, P. L. 819, §1, 17 P.S. §184, it is provided that the Superior Court shall have appellate jurisdiction in: "All actions and proceedings at law in the courts of common pleas and in the County Courts of Allegheny County and Philadelphia County and all similar courts, whether originating therein or reaching that court by appeal or certiorari from some other court or tribunal, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and if also the amount or value thereof in controversy be not greater than ten thousand dollars, exclusive of costs." That same Act of August 14, 1963, P. L. 819, §2, 17 P.S. §191.1, provides for the determination of the amount in controversy: "In any action or proceeding in the court of common pleas or in any county court, *if the plaintiff* or any claimant in such action or proceeding, or a defendant who shall have filed a counterclaim, *recovers damages* either for a tort or *for a breach of contract, the amount of the judgment, order, decree or award shall be conclusive proof of the amount in controversy,* but if no amount is recovered, the amount in controversy shall be determined by the amount of damages claimed in the complaint or counterclaim, whichever is greater." (Emphasis ours). This procedure, whereby the jurisdiction is determined by the amount of the judgment wherever there is one, has been followed by this Court since its original enactment in the Act of 1895. See, e.g., *Gerber v. Jones*, 344 Pa. 277, 25 A. 2d 141 (1942).

In the instant case, a judgment was entered for the plaintiff, appellant here, for the sum of $1,846.81. It is no longer relevant that appellant's original claim was for $37,709.60. The amount in controversy as defined by the Statute is $1,846.81, and the case is therefore within the jurisdiction of the Superior Court.

Appeal remitted to the Superior Court.

Mr. Justice Musmanno did not participate in the decision of this case.